**Ronnie WESTON, et al., Plaintiffs,**

v.

**UNITED STATES POSTAL SERVICE, et al., Defendants.**

**No. 83–965C(B).**

United States District Court, E.D. Missouri, E.D.

Sept. 27, 1983.

James S. Collins, II, St. Louis, Mo., for plaintiffs.

Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

REGAN, District Judge.

Plaintiffs initiated this negligence action under 28 U.S.C. §§ 1346(b), 2671 et seq., against the United States Postal Service and its employee, Lawrence Cotton, to recover for property damage and injuries resulting from an automobile collision between a Ford Pinto owned by the Postal Service (and driven by Lawrence Cotton) and a pickup truck owned and operated by plaintiff Melvin Broom. The other plaintiffs to the action are Ronnie Weston, a passenger riding in the bed of the pickup truck, and Mary Young, a passenger riding in the cab of the truck.

We note initially that this action was improperly brought against Lawrence Cotton. Since it is uncontroverted that Cotton was working in the scope of his employment for the Postal Service when this collision occurred, he is not a proper defendant in this case. See 28 U.S.C. § 2679(b). Therefore, this action will be dismissed as to said defendant. Likewise, the United States Postal Service, as a federal agency, is an improperly named party. See 28 U.S.C. § 2679(a). However, the parties here have treated this action as if the United States was substituted as the defendant, so we will consider the pleadings amended and treat it as such.

On May 22, 1982, Lawrence Cotton was a distribution clerk for the Postal Service, and was making deliveries for the Postal Service in St. Louis, Missouri. While on his route, Cotton pulled into a service station on the northwest corner of Delmar and Skinker Boulevards to obtain directions. After obtaining directions, Cotton proceeded to the northernmost of two driveways that exited onto Skinker Boulevard with the intention of making a left turn and proceeding north on Skinker. (Skinker runs north and south, while Delmar runs east and west). At the point where Cotton began to pull out, Skinker was five lanes wide. Two lanes were for northbound traffic, as well as two southbound lanes, the third being a left turn lane for southbound traffic turning left into Delmar.

As Cotton waited to pull out onto Skinker, the signal at Delmar and Skinker turned red for southbound traffic and a line of cars backed up in both southbound lanes directly in front of Cotton. As traffic backed up, two cars in the curb lane and the middle lane stopped just north of the driveway, creating a gap wide enough for Cotton to pull his car through. The drivers of these cars motioned Cotton to proceed through the gap so he could make his left turn. Cotton slowly pulled the Pinto out onto Skinker in front of these cars and stopped just short of the white line separating the middle southbound lane from the left turn lane. The left turn lane was empty. While stopped, Cotton looked to his left (to the north) and saw no cars approaching in the left turn lane. Cotton then checked to his right (to the south) for oncoming northbound traffic. While Cotton was looking to his right, his vehicle was hit by Melvin Broom's pickup truck, which had swerved into the left turn lane.

The weight of credible evidence demonstrates that prior to the collision Melvin Broom's pickup truck had been in the line of cars in the middle southbound lane waiting for the signal to change. After the signal turned green, the line of cars in the middle lane did not move because Cotton's car was blocking traffic. Broom, who testified that he was about eight cars north of the driveway, pulled his pickup out from the middle southbound lane into the northbound traffic lanes. From there he accelerated his pickup past the line of traffic and, upon reaching the left turn lane, swerved his truck from the northbound lane into the southbound left turn lane. When Broom swerved into the left turn lane, the pickup crossed into the middle lane and struck the front of the stopped Pinto. The collision caused the truck to careen out of control and come to rest on the east side of Skinker. Broom and his passengers sustained moderate injuries; Cotton, other than being shaken, sustained no injuries.

In their complaint plaintiffs allege that Cotton was negligent by pulling in front of the pickup truck, by failing to yield the right-of-way, by operating his vehicle at a high rate of speed and by failing to keep a careful lookout. However, we find that plaintiffs have failed to sustain their burden of proof for any of these allegations. We further find that the sole cause of the collision was the negligence of Melvin Broom in swerving his truck across the left turn lane into the middle lane. Accordingly, judgment will be entered in favor of defendant and against plaintiffs.

The foregoing memorandum constitutes our findings of fact and conclusions of law.