817 F.Supp. 807 (1993)
Johnnie Rea PRUITT, Plaintiff,
v.
UNITED STATES POSTAL SERVICE, Defendant.
No. 4:92CV00730 GFG.
United States District Court, E.D. Missouri, E.D.
April 5, 1993.
Johnnie Rea Pruitt, pro se.
Madeleine B. Cole, Office of U.S. Atty., St. Louis, MO, for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant's motions to substitute party, to dismiss and for summary judgment.
Plaintiff Johnnie Rea Pruitt initiated this action in the Small Claims division of state court against the United States Postal Service (USPS), claiming that it lost or failed to deliver a package she sent through the mails.
USPS removed the action to this Court and seeks substitution of the United States as the proper defendant. In the event the Court concludes that Pruitt has also named Carol Rother, a USPS employee, as a defendant, USPS also requests substitution of the United States for Rother.
*808 The United States rather than the United States Postal Service is the proper defendant in this tort action. See Weston v. United States Postal Serv., 574 F.Supp. 59 (E.D.Mo.1983), aff'd, 738 F.2d 444 (8th Cir. 1984). The Attorney General has certified that Rother was acting within the scope of her office and employment at the time of the incident giving rise to this claim. The facts support this assertion. Accordingly, the United States is also the proper party in place of Carol Rother.
Defendant moves for dismissal of this action because Pruitt has not submitted an administrative tort claim to the USPS. Furthermore, defendant asserts that Pruitt's claim falls within an exception to suits against the United States as provided by the Federal Tort Claims Act (FTCA).
The Court concludes that defendant is correct on both points. Defendant provides an affidavit stating that Pruitt has not submitted an administrative tort claim to the USPS. The filing of such a claim is a jurisdictional prerequisite to maintaining an action under the FTCA. 28 U.S.C. § 2675(a); Celestine v. Veterans Admin. Hosp., 746 F.2d 1360, 1362 (8th Cir.1984). Pruitt's complaint is subject to dismissal for failure to file an administrative claim.
Pruitt's complaint is likewise subject to dismissal because the United States is not subject to suit for the loss, miscarriage or negligent transmission of letters or postal matter. The United States is subject to suit only if it waives its sovereign immunity. Although the FTCA waives the United States sovereign immunity in some instances, it also delineates causes of action for which the United States may never be sued. Forrest City Mach. Works, Inc. v. United States, 953 F.2d 1086, 1087 (8th Cir.1992). Claims for the loss, misdelivery or negligent transmission of letters or postal matter are one such type of claim excepted from the FTCA's waiver of sovereign immunity. Accordingly, the Court will dismiss Pruitt's action for failure to file an administrative claim prior to filing this suit and based upon the immunity accorded the USPS and the United States under the FTCA.

ORDER
Pursuant to the memorandum filed on this date and incorporated herein,
IT IS HEREBY ORDERED that defendant's motion to substitute is granted.
IT IS FURTHER ORDERED that defendant's motion to dismiss is granted.
IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied as moot.