**Bobbie Lee WEBSTER, Libelant,**

**v.**

**Leon ROBERTS and Granger Roberts, Respondents.**

**Civ. No. 3–76–161.**

United States District Court, E. D. Tennessee, N. D.

July 22, 1976.

Robert E. Pryor, Knoxville, Tenn., for libelant.

Paul Dunn, Knoxville, Tenn., for respondents.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Respondents have moved the Court to dismiss libelant's claim on the ground that the claim arises out of a water skiing accident and as such is not subject to the admiralty jurisdiction of the Court.

The Court was of the opinion, until reading carefully the recent cases on this subject, that water skiing accidents were subject to the admiralty jurisdiction of the Court. As a matter of fact, the Court has so held previously, in *King v. Testerman* 214 F.Supp. 335, decided in 1963. Since the *King* decision, the United States Supreme Court rendered an important admiralty decision, *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972).

The Supreme Court, in *Executive Jet,* was critical of the "locality rule" as the *sole* test of admiralty tort jurisdiction. This simplistic and long-standing rule has meant that the location of the tort, literally, determined the jurisdiction, *i. e.,* if the alleged tort occurred on navigable waters it was subject to the admiralty jurisdiction. The Supreme Court noted that "as early as 1850, admiralty scholars began to suggest that a traditional maritime activity, as well as a maritime locality, is necessary to invoke admiralty jurisdiction over torts." (*Id.,* 257, 93 S.Ct. 499). E. Benedict, *The American Admiralty* 173 (1850); 7A J. Moore, *Federal Practice,* Admiralty ¶¶ .325[3] and .325[5] (2d Ed.1972). The Supreme Court in *Exec-*

utive Jet specifically "concluded that maritime locality alone is not a sufficient predicate for admiralty jurisdiction in aviation tort cases." Id. 261, 93 S.Ct. 501.

While the actual holding of Executive Jet was limited to aviation tort cases, there was language in the opinion which leads this Court to believe that the Supreme Court would reject the locality rule as the sole test in alleged torts involving water skiing accidents on navigable waters. Justice Stewart, for a unanimous Court, commented:

"Other serious difficulties with the locality test are illustrated by cases where the maritime locality of the tort is clear, but where the invocation of admiralty jurisdiction seems almost absurd. If a swimmer at a public beach is injured by another swimmer or by a submerged object on the bottom, or if a piece of machinery sustains water damage from being dropped into a harbor by a land-based crane, a literal application of the locality test invokes not only the jurisdiction of the federal courts, but the full panoply of the substantive admiralty law as well. In cases such as these, some courts have adhered to a mechanical application of the strict locality rule and have sustained admiralty jurisdiction despite the lack of any connection between the wrong and traditional forms of maritime commerce and navigation.[5] . . ." 409 U.S. 255–256, 93 S.Ct. 498.

Footnote 5, cited at the end of this criticism of the invocation of admiralty jurisdiction in certain circumstances, listed King v. Testerman, supra, as well as several other district court opinions, as examples of improper application of admiralty jurisdiction.

Based on this specific criticism of King v. Testerman by the Supreme Court, the

Fourth Circuit Court of Appeals, speaking through Chief Judge Haynsworth, held recently, in a water skiing accident similar to the one presently before the Court, that:

"We need only go as far as the Supreme Court's explicit direction to hold that admiralty jurisdiction does not reach a claim for personal injury by a water skier against the allegedly negligent operator of the tow boat."
Crosson v. Vance, 484 F.2d 840, 842 (1973).

Judge Haynsworth, in two subsequent opinions on admiralty jurisdiction also involving non-commercial pleasure boats, refused to further restrict admiralty jurisdiction in the absence of explicit Supreme Court language similar to that relied on as the basis of the Crosson decision.[1]

In light of the warning language of Justice Stewart in Executive Jet and Judge Haynsworth's holding in Crosson, the Court feels constrained to hold that a claim for personal injury by a water skier against the allegedly negligent operator of the tow boat is not cognizable within the admiralty jurisdiction of the Court.

For the foregoing reasons, it is ORDERED that the respondent's motion to dismiss be, and the same hereby is, granted.

Order Accordingly.

---

1. Richards v. Blake Builders Supply, Inc., 528 F.2d 745 (4 Cir. 1975), involved two consolidated cases. In one case, libelant combined negligence, strict liability in tort, and breach of warranty claims against the seller and manufacturer of a pleasure boat that exploded, killing the owner's son, and injuring others. The other case involved a claim of negligence against the operator of a pleasure boat which crashed into the bank and seriously injured the libelant-passenger.

Lane v. United States, 529 F.2d 175 (4 Cir. 1975), involved a charge of liability against the federal government for failure to remove or mark a sunken submerged barge with which libelant's pleasure boat collided, causing it to sink.