**Carrell Dennis FORD, Petitioner-Appellant,**

v.

**Louis L. WAINWRIGHT, Director, Division of Corrections, Respondent-Appellee.**

No. 76–3478
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

March 30, 1977.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

William E. Quisenberry, Jr., Fort Lauderdale, Fla. (Court-appointed), for petitioner-appellant.

Robert L. Shevin, Atty. Gen., Anthony C. Musto, Asst. Atty. Gen., West Palm Beach, Fla., for respondent-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

This habeas appeal involves the question of the appropriate remedy for a denial of procedural due process in parole revocation. The district court concluded that the denial of a preliminary hearing near the place of arrest and the denial of appointed counsel rendered petitioner's parole revocation constitutionally defective. The court felt that under *Baker v. Wainwright*, 527 F.2d 372 (5th Cir. 1976), the only available remedy was a new revocation hearing, which it ordered. Only petitioner Ford appealed from the grant of the writ, a challenge limited to his assertion that the remedy is inadequate.[1] We affirm.

Florida granted petitioner a parole in August 1973. The state issued a parole violator's warrant for Ford in August 1974. The basis for the warrant was Ford's departure from Florida, allegedly without the consent of his parole supervisor. Authorities arrested him in Arkansas on November 2, 1974. Petitioner received no hearing in Arkansas. Although he did not contest extradition, Ford was not returned to the custody of Florida until January 20, 1975. An arraignment-type proceeding took place February 17, 1975. A hearing followed on March 3. On April 29, 1975, the parole commission ordered Ford's parole revoked.

Ford claims he received permission from his parole supervisor to make an emergency trip to Arkansas where his father had suffered a stroke. A series of mishaps purportedly prevented his return prior to his arrest. Ford denies receipt of any demand by parole authorities to return to Florida.

The district court found from these facts that the state had violated petitioner's due process rights by its failure to conduct a preliminary inquiry "at or reasonably near the place of the alleged parole violation or arrest". *Morrissey v. Brewer*, 408 U.S. 471, 485, 92 S.Ct. 2593, 2602, 33 L.Ed.2d 484 (1972). Moreover, Ford's incarceration at the time of the Florida revocation hearing exacerbated the difficulty of assembling the witnesses and documents relating to the Arkansas circumstances. In this situation, the district court concluded that Ford's more than colorable claim of innocence rendered appointment of counsel indispensable to due process. *See Gagnon v. Scarpelli*, 411 U.S. 778, 790, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973).

Petitioner claims that the due process violations recorded by the district court entitle him to outright release, rather than a new hearing. We cannot agree.

In *Baker v. Wainwright*, 527 F.2d 372 (5th Cir. 1976), this court found that a number of procedural defects rendered a parole revocation hearing invalid under *Morrissey* and *Gagnon*. Without discussion, we remanded to allow the state an opportunity to conduct a new hearing that would conform to due process.

We find the *Baker* remedy appropriate in the instant case. A new hearing with counsel, subject of course to federal collateral review, is sufficient to redress the types of wrongs found below.

We note specifically that, contrary to petitioner's assertions, this is not a case in which the gravamen of the due process violation was delay. A parole revocation hearing delayed beyond the dictates implicit

---

1. The state filed no notice of appeal or cross-appeal in the district court or here. Consequently its arguments that the district court

erred in finding due process violations are not properly before us.

in *Morrissey* could not meaningfully be remedied by a new, further delayed proceeding. *See Johnson v. Holley*, 528 F.2d 116 (7th Cir. 1975) (unreasonable delay in holding revocation hearing gives rise to presumption of prejudice; parole violator warrant must be quashed); *cf. United States v. Strunk*, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973) (only remedy for violation of sixth amendment right to speedy trial is dismissal of the indictment with prejudice). A case involving such delay would present a question not addressed in our opinion in *Baker, supra*.

This is not such a case, however. The due process violations found did not import delay. The district court did not resolve any questions involving responsibility for such delay as took place. In short, there is neither a finding below of unconstitutional delay nor sufficient record from which he might draw that conclusion. Accordingly, petitioner is entitled only to the procedurally sound hearing ordered below. The judgment ordering that remedy is

AFFIRMED.