| County | Tax Assessor | Tax Collector |
|---|---|---|
| Morgan | Porter L. Hanes (Leon Yates | Charles Howard Commissioner of Licenses) |
| Limestone | Edward Christopher | James Hargrove |
| Etowah | Jerry B. Jones | Opal N. Lee |
| Clay | Lon Dick | Earnest Allen Ingram |
| Cleburne | Hoyt Moore | Elva Roberts |
| Barbour | Bob Methin | Jena Shirley |
| Coffee | Fred L. Donaldson | Maxwell A. Reeves |
| Bullock | James A. Carter | Warren J. Sells |
| Hale | Willard S. Christenberry | Naomi C. Williams |
| Monroe | James L. Witherington | Charlie Deer |
| Randolph | Bill Kirby | Herman Landers |
| Perry | Wayne Perkins | Paul Stone |
| Bibb | E. C. Downs | E. C. Downs |
| Houston | John L. Mapier, Revenue Commissioner | |
| Dale | W. J. McKnight | James F. Watson |
| Henry | Madge Fleming | Dan F. Capps |
| Wilcox | Robert G. Jones | L. Cecil Gaston |

Jerry **JORSCH**, Plaintiff,

v.

Donald Joseph **LeBEAU**, Jr. and Donald Joseph **LeBeau**, Sr., Defendants.

No. 77 C 4003.

United States District Court,
N. D. Illinois, E. D.

April 21, 1978.

Nicholas Liontakis, Homewood, Ill., Joseph R. Pigato, Chicago Heights, Ill., for plaintiff.

C. Barry Montgomery, Nunzio C. Radogno, Jacobs, Williams & Montgomery, Ltd., Chicago, Ill., for defendants.

## MEMORANDUM AND ORDER

ROBSON, Senior District Judge.

This cause is before the court on defendants' motion to dismiss Counts I and II of plaintiff's complaint for lack of subject matter jurisdiction. For the reasons hereinafter stated, the motion will be granted.

Plaintiff, Jerry Jorsch, has filed a four-count action seeking $750,000 in damages against defendants, Donald Joseph LeBeau, Jr. and Donald Joseph LeBeau, Sr. The gravamen of the complaint is that plaintiff, having been water skiing on Lake Michigan,[1] was struck and injured by a motorboat which is alleged to have been negligently operated by Donald LeBeau, Jr.

Counts I and III have been filed against Donald LeBeau, Jr., and Counts II and IV have been filed against Donald LeBeau, Sr. Counts I and II are asserted to be within this court's admiralty jurisdiction. Article III, § 2 of the United States Constitution, and 28 U.S.C. § 1333. Jurisdiction under Counts III and IV is predicated upon diversity of citizenship. 28 U.S.C. § 1332.

Presently before the court is defendants' motion to dismiss Counts I and II for lack

of subject matter jurisdiction. Defendants argue that Counts I and II are not cognizable in admiralty in light of the United States Supreme Court's decision in *Executive Jet Aviation, Inc. v. City of Cleveland,* 409 U.S. 249, 93 S.Ct. 493, 34 L.Ed.2d 454 (1972) [hereinafter *Executive Jet*] and its progeny. Defendants submit that the water skiing activities set forth in the complaint have no rational nexus with traditional maritime activity.

In his answering memorandum, plaintiff argues that *Executive Jet* and its progeny do not warrant dismissal of Counts I and II for want of admiralty jurisdiction. Plaintiff asserts that there is a rational nexus between the activities set forth in the complaint and traditional maritime activity. Plaintiff further argues that notwithstanding *Executive Jet,* this court has jurisdiction under the Extension of Admiralty Jurisdiction Act, 46 U.S.C. § 740.[2]

In their reply memorandum, defendants argue that the clear, unequivocal language of *Executive Jet* cannot be ignored, and that none of the numerous cases cited by plaintiff involved injury to water skiers. Defendants also assert that if *Executive Jet* is fatal to the viability of plaintiff's maritime counts, then surely independent jurisdiction cannot be founded upon the Extension of Admiralty Jurisdiction Act.

### Admiralty Jurisdiction

While the precise holding of *Executive Jet* concerned aviation tort cases, the United States Supreme Court nevertheless rejected the well-established "locality rule" as the sole criteria for determining admiralty tort jurisdiction and articulated a "locality plus" rule. In addition to the locality factor, the Court stated that there must be a showing that "the wrong bear a significant relationship to traditional maritime activi-

---

1. There is no dispute that Lake Michigan is a navigable waterway.

2. Plaintiff also states that when an order is entered denying defendants' motion to dismiss

Counts I and II he will dismiss his diversity counts, Counts III and IV, and submit the case to the court without a jury.

ty" for a tort claim to be cognizable in admiralty. *Executive Jet, supra* at 268, 93 S.Ct. at 504.

The Court did not give many indications as to what constitutes "traditional maritime activity," and did not enunciate a test for determining such activity. It did, however, expressly disapprove of the exercise of admiralty jurisdiction in cases involving a claim for personal injuries by a water skier against an allegedly negligent operator of a motorboat. *See Executive Jet, supra* at 255–56, n.5, 93 S.Ct. 493, and the Court's rejection of *King v. Testerman,* 214 F.Supp. 335 (E.D.Tenn.1963).[3]

Since *Executive Jet,* two courts have held that a personal injury action by a water skier against an allegedly negligent operator of a motorboat is not cognizable within the admiralty jurisdiction of the federal courts. *Crosson v. Vance,* 484 F.2d 840 (4th Cir. 1973);[4] *Webster v. Roberts,* 417 F.Supp. 346 (E.D.Tenn.1976).[5] In light of these authorities and because this court is of the opinion that the activities set forth in the instant complaint do not bear a significant relationship to traditional maritime activity, Counts I and II must be dismissed for failure to set forth a claim cognizable within this court's admiralty jurisdiction.

*Extension of Admiralty Jurisdiction Act*

Plaintiff argues that notwithstanding *Executive Jet* and its progeny, this court has jurisdiction under the Extension of Admiralty Jurisdiction Act, 46 U.S.C. § 740. The Act provides in relevant part that:

> The admiralty and maritime jurisdiction of the United States shall extend to and include all cases of damage or injury, to person or property, caused by a vessel on navigable water, notwithstanding that such damage or injury be done or consummated on land.

Congress passed the Extension of Admiralty Jurisdiction Act to permit the exercise of admiralty jurisdiction over claims arising out of a relationship with maritime activities, regardless of the locality of the tort. *Executive Jet, supra* at 260, 93 S.Ct. 493. Although the Act was designed to correct the inequities of the locality test, it was not designed to create new causes of action. U.S.Code Cong.Serv., pp. 1898, 1899 (1948). Moreover, while Section 740 will support a "ship to shore" tort, the tort, regardless of where it occurs, must bear a significant relationship to traditional maritime activity. *Complaint of Cook Transp. System, Inc.,* 431 F.Supp. 437, 442 (W.D.Tenn.1976). The court has already determined that the allegations of tortious conduct here do not bear a significant rela-

**3.** Plaintiff's argument that the Supreme Court cited *King v. Testerman, supra,* merely as an example of the mechanical application of the locality test to which the Supreme Court objected is misguided. On the contrary, the Court indicated that the *King* court and other courts had been guilty of sustaining "admiralty jurisdiction despite the lack of any connection between the wrong and traditional forms of maritime commerce and navigation." *Executive Jet, supra* at 255–56, 93 S.Ct. at 498.

**4.** Plaintiff's argument that *Richards v. Blake Builders Supply, Inc.,* 528 F.2d 745 (4th Cir. 1975), and *Lane v. United States,* 529 F.2d 175 (4th Cir. 1975), indicate a retreat by the Fourth Circuit from its holding in *Crosson v. Vance, supra,* is unfathomable. On the contrary, those cases reaffirm the holding of *Crosson v. Vance.* In *Richards v. Blake Builders Supply, Inc., supra,* the Fourth Circuit merely exhibited an unwillingness to voyage into uncharted waters [i. e., absent explicit Supreme Court language] and hold that admiralty jurisdiction does not

extend to other [i. e., non water skiing] controversies involving the operation of a small pleasure craft. Although there was a water skier involved in *Lane v. United States, supra,* the Fourth Circuit indicated that "collisions between vessels in navigation and submerged hulks of wrecked vessels are a traditional concern of admiralty." *Id.* at 180.

**5.** There appears to be a factual difference between at least the *Crosson* case and the case *sub judice.* In *Crosson,* the water skiing accident occurred while the plaintiff was being towed by a motorboat. In the case at bar, the accident occurred after the plaintiff had completed water skiing and was bodily in the water. The boat struck plaintiff after it had circled back towards him. The parties apparently do not perceive that this difference has any significance as they did not even raise the difference in their briefs. In any event, the court finds that the difference is immaterial to its conclusion that it lacks admiralty jurisdiction over this cause.

tionship to traditional maritime activity.[6] Accordingly, Section 740 cannot provide a basis for jurisdiction in this case.

■ The court's determination is supported by both reason and authority. In *Crosson v. Vance, supra,* it was held that admiralty jurisdiction does not reach the personal injury claim of a water skier against the allegedly negligent operator of a motorboat. Clearly, the author of the opinion, Chief Judge Haynsworth, was aware of the Extension of Admiralty Jurisdiction Act as he made explicit reference to it. *Id.* at 841 n.2. Had the water skier's personal injury action been cognizable under the Act, Judge Haynsworth would have so held. Indeed, he would have been under a duty to do so, for it is well-settled that a complaint should not be dismissed for lack of subject matter jurisdiction if it reveals that any grounds for jurisdiction exist. *See, e.g., Hoefferle Truck Sales v. Divco-Wayne,* 523 F.2d 543 (7th Cir. 1975); *Littleton v. Berbling,* 468 F.2d 389 (7th Cir. 1972), *rev'd on other grounds sub nom. O'Shea v. Littleton,* 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); *Doran v. Lee,* 287 F.Supp. 807 (W.D.Pa.1968). Moreover, the Court in *Executive Jet* did not suggest that the Extension of Admiralty Jurisdiction Act covers the personal injury claim of a water skier against an allegedly negligent operator or a motorboat.

Plaintiff places great reliance on *St. Hilaire Moye v. Henderson,* 496 F.2d 973 (8th Cir. 1973), *cert. denied,* 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed.2d 125 (1974), [hereinafter *St. Hilaire Moye*]. In that case, the Eighth Circuit found that, in addition to there being admiralty jurisdiction,[7] Section 740 provided an additional basis for exercising jurisdiction over a boating accident involving a small pleasure craft. The court stated at 979 that "[a]ll that is required for the [Extension of Admiralty Jurisdiction] Act to come into involvement is injury caused by a vessel on navigable waters."

■ At first glance, this language might seem to support plaintiff's argument that notwithstanding *Executive Jet* this court has jurisdiction under Section 740. Such sweeping language, however, does not obviate the requirement that the wrong must bear a significant relationship to traditional maritime activity, *Executive Jet, supra; Complaint of Cook Transp. System, Inc., supra,* which it clearly does not in the case at bar. Moreover, the *St. Hilaire Moye* court itself recognized elsewhere in the opinion that a case involving a personal injury claim by a water skier has "no connection with traditional maritime activity." *St. Hilaire Moye, supra* at 977. In fact, the court cited Judge Haynsworth's opinion in *Crosson v. Vance, supra.*[8] Thus, despite the Eighth Circuit's sweeping language, it cannot be said that Section 740 provides a jurisdictional basis for the personal injury claim of a water skier against an allegedly negligent motorboat operator.[9]

*Conclusion*

In conclusion, under this court's general admiralty jurisdiction and under the Exten-

---

**6.** Indeed, the court does not see how a personal injury claim of a water skier can have a significant relationship to maritime activities under the Extension of Admiralty Jurisdiction Act when it does not have a significant relationship to maritime activities for purposes of admiralty jurisdiction under Article III, § 2 of the United States Constitution and 28 U.S.C. § 1333.

**7.** The court stated that it had to decide whether, pursuant to the U.S. Constitution, Art. III, § 2 and 28 U.S.C. § 1333(1), "the law of admiralty extends to the operation of small pleasure craft engaged in non-commercial navigation on navigable waters." *St. Hilaire Moye, supra* at 976.

**8.** The court noted that Judge Haynsworth did not decide the broader issue which it confronted, namely whether the operation of small pleasure craft engaged in non-commercial navigation constitutes "traditional maritime activity." *St. Hilaire Moye, supra* at 977.

**9.** To the extent that the Eighth Circuit's decision in *St. Hilaire Moye* might be read to require this court to hold that Section 740 does provide a basis for jurisdiction, the court would decline to follow it. This court is not obligated to follow a decision of another circuit, *In Re Folding Carton Antitrust Litigation,* 75 F.R.D. 727, 731 (N.D.Ill.1977), and plaintiff has not cited any Seventh Circuit authority which follows the decision.

sion of Admiralty Jurisdiction Act, 46 U.S.C. § 740, the "locality-plus" test requires that tortious conduct must bear a significant relationship to traditional maritime activity. While the court cannot hold under these facts that all small pleasure craft controversies are not cognizable in the federal courts absent proper assertion of 28 U.S.C. § 1332,[10] the court does hold that the personal injury claim of a water skier against an allegedly negligent motorboat operator is not cognizable under this court's general admiralty jurisdiction or under 46 U.S.C. § 740.

For the reasons stated, it is therefore ordered that defendants' motion to dismiss Counts I and II of plaintiff's complaint for lack of subject matter jurisdiction shall be, and the same is hereby, granted.

---

10. For a discussion of the arguments against the existence of admiralty jurisdiction in pleasure boat accident cases, *see* Stolz *Pleasure Boating and Admiralty: Erie at Sea,* 51 Cal.L. Rev. 661 (1963).