**Christopher MOORE, Petitioner–Appellant,**

v.

**Larry DUBOIS, et al., Respondents–Appellees.**

No. 87–1944.

United States Court of Appeals, Tenth Circuit.

June 9, 1988.

Robert E. Precht, The Legal Aid Society, New York City (Michael G. Katz, Federal Public Defender, Denver, Colo., with him on the brief), for appellant.

F. Joseph Mackey, Asst. U.S. Atty., Denver, Colo. (Robert N. Miller, U.S. Atty., Denver, Colo., Patrick J. Glynn, and Rockne Chickinell, U.S. Parole Com'n, Washington, D.C., on the brief), for appellees.

Before: HOLLOWAY, Chief Judge, TIMBERS,* and BALDOCK, Circuit Judges.

* Of the Second Circuit, by designation.

TIMBERS, Circuit Judge.

Appellant Christopher Moore appeals from a judgment entered June 24, 1987 in the District of Colorado, Zita L. Weinshienk, *District Judge*, denying his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1982). Appellant's parole as a federal prisoner was revoked after he was found to have violated parole by committing sexual assault. On appeal, appellant claims that the Parole Commission abused its discretion and violated his due process rights when it rejected the credibility determination of the hearing examiner without receiving live testimony.

We hold that the Parole Commission did not abuse its discretion or violate due process in rejecting the credibility determination of the hearing examiner.

### I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

On September 6, 1978, upon being convicted of bank robbery, appellant was sentenced to 14 years in prison. He was paroled for the first time on February 12, 1981, but was returned to prison after it was determined at parole revocation hearings on May 5 and July 15, 1983 that he had violated his parole. One of the grounds for this revocation of parole was that he had been charged with criminal assault and aggravated harassment arising out of an incident in which he stabbed a former girlfriend with a knife. Appellant admitted at the July 15, 1983 hearing that he later had convinced the woman to drop criminal charges against him.

Appellant again was released on parole on March 4, 1985. He went to New York City to live with his mother, Ellaree Moore, and his 20–year old sister, Suzy Moore. On October 29, 1985, Mark Rosenthal, appellant's parole officer, filed a request for a parole violation warrant. In an accompanying memorandum, Rosenthal stated that Suzy Moore had told him that on October

23, 1985 appellant had raped her forcibly. Rosenthal attached Suzy Moore's affidavit which stated in part:

"At the end of August, 1985, Chris began approaching me while I lay in bed and he tried to touch my private areas. Beginning in September, several times a week, Chris forced me to have sexual intercourse with him. I didn't want to cooperate with him, but he talked me into doing what he wanted. He also locked the door and refused to let me leave the apartment.

In October I told him he had to stop, but he would not leave me alone. On October 17th, when he tried to force me to have sex with him, I resisted and began screaming. Chris punched me in the face with a closed fist, but I am not sure whether he completed the sexual act after he hit me.

On October 23, 1985, Chris tried to force me to have sex with him by smacking me in the face and by threatening to hurt me."

Also attached to Rosenthal's memorandum was a signed statement by Ellaree Moore which stated (1) that Suzy Moore had told her that appellant had forced her to have sex with him; (2) that, after Ellaree confronted her son, appellant had slit his wrists and later had told her at the hospital that he had "done something wrong to Suzy" and that it was not her fault; and (3) that she believed that appellant's statements meant that he had forced his sister to have sex. Rosenthal's memorandum also stated that at an interview with Harvey Alter, the Director of the Federal Community Treatment Center, appellant had said that he had "abused" his sister.

On December 3, 1985, Micalah Bracken, a probation officer, conducted a preliminary hearing. Suzy Moore, the only witness, testified that, while it was true that appellant had made sexual advances, it was not true that he had punched or threatened her. She stated that she originally had testified that appellant had used force because she did not want her mother to think she had engaged in sexual relations willingly. Bracken found that Suzy Moore's "rea-

sons for initially lying have been adequately explained by her". Bracken therefore recommended a finding of probable cause for sexual harassment, but not for sexual assault.

Despite Bracken's recommendation, the Regional Commission found probable cause for both sexual harassment and sexual assault and ordered a revocation hearing. At this hearing, held January 29, 1986, Suzy Moore testified again that the sexual relations had been voluntary and that her allegations of force were untrue. Ellaree Moore testified that she did not remember telling Rosenthal that appellant had used force. While Harvey Alter testified that appellant had told him that he had used physical force, appellant testified that Alter had misunderstood him. Appellant also testified that, while he had been the initiator, he had not used force. The Hearing Examiner, James Newman, stated that he would recommend a finding of no parole violation for sexual harassment or sexual assault.

In a revocation summary dated February 3, 1986, Examiner Newman stated that Suzy Moore had testified that she had lied in her earlier affidavit and recommended a finding of no parole violation. The Parole Commission appointed Shelly Witenstein to review the case. Witenstein concluded that Suzy Moore's initial affidavit was truthful and that she later lied at the hearing because of her fear of appellant. Witenstein stated that it "was noteworthy that on a previous revocation of his sentence, in regard to assaulting (stabbing) and (aggravated) harassing his girlfriend, Moore *admitted* to contacting his girlfriend in an effort to have her drop the charges. He admitted the 'stabbing' ". (emphasis in original). On February 7, 1986, a notice of action was issued that found that appellant had violated parole by committing sexual assault. Parole was revoked.

Appellant appealed on the ground that the Parole Commission's reliance on Suzy Moore's affidavit, after Examiner Newman had concluded it contained lies, was irrational, arbitrary and a violation of due process. The National Appeals Board af-

firmed the revocation of parole on May 12, 1986. On September 24, 1986, appellant filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1982). A United States Magistrate recommended denying the petition on May 13, 1987. On June 24, 1987 the district court adopted the Magistrate's recommendation. This appeal followed.

For the reasons stated below, we affirm.

## II.

Quoting *Louis v. Blackburn*, 630 F.2d 1105, 1109 (5th Cir.1980), appellant asserts that "[o]ne of the most important principles in our judicial system is the deference given to the finder of fact who hears the live testimony of witnesses", especially in matters of credibility. *See also United States v. Oregon State Medical Soc'y*, 343 U.S. 326, 339 (1952); *Morgan v. United States*, 298 U.S. 468, 481 (1936). He then claims that the Parole Commission abused its discretion and denied him due process when, on the basis of a written summary of the case, it rejected the conclusion of Examiner Newman that Suzy Moore had told the truth at the revocation hearing and had lied in her affidavit. He relies on *Blackburn, supra* (due process denied when judge rejected magistrate's recommendation on basis of transcript of hearing); *United States v. Bergera*, 512 F.2d 391, 394 (9th Cir.1975) (judge may not reject magistrate's recommendation on basis of transcript and tape recording of hearing); and *United States v. Raddatz*, 447 U.S. 667, 681 n. 7 (1980) (rejection of magistrate's findings by district court on basis of transcript could raise serious questions) (dictum). Moore also cites two cases involving probation revocation hearings in which appellate courts held that district courts could not revoke probation when the magistrate had conducted the hearing and the district court had not observed the witnesses. *Banks v. United States*, 614 F.2d 95, 98 (6th Cir.1980); *United States v. Curry*, 767 F.2d 328, 331 (7th Cir.1985). While conceding that these cases concerned revocation of probation—not parole—he claims that the "revocation of probation where sentence has been imposed previously is constitutionally indistinguishable from the revocation of parole." *Gagnon v. Scarpelli*, 411 U.S. 778, 782 n. 3 (1973).

As the government points out, however, all these cases involved district court review of *recommendations by magistrates* and were based on construction of the Magistrate's Act. Moreover, the government has cited substantial authority for the proposition that in *administrative* proceedings decision makers do not violate due process when they reject the findings of hearing examiners without personally hearing and observing the key witnesses.

■ In *Morrissey v. Brewer*, 408 U.S. 471 (1972), the Supreme Court, while holding that the due process clause was implicated in parole revocation proceedings, repeatedly emphasized that the full procedural rights accorded in a criminal trial are not available when only the conditional rights of parole are at stake. *Id.* at 480, 483, 489. In *Morrissey*, the Court identified several rights protected by the due process clause, including the right to written notice of alleged parole violations and the opportunity to be heard and present witnesses. *Id.* at 489. In neither *Morrissey* nor in *Gagnon, supra*, however, did the Court state or even imply that due process requires that all decisions regarding parole be based on the decision-maker's personal observation of the witnesses.

Similarly, Judge Friendly in *Utica Mut. Ins. Co. v. Vincent*, 375 F.2d 129, 131–32 & n. 3 (2d Cir.), *cert. denied*, 389 U.S. 839 (1967), stated that the due process clause does not require a decision-maker making credibility determinations to hear the witness's testimony and view the witness personally. *See also Guerrero v. State*, 643 F.2d 148, 149–50 (3d Cir.1981); *Bates v. Sponberg*, 547 F.2d 325, 332–33 (6th Cir.1976).

Appellant claims that his case is different from those cited by the government

because a significant liberty interest is at stake. The government responds that in *Yaretsky v. Blum,* 629 F.2d 817, 821, 825 (2d Cir.1980), *rev'd on other grounds,* 457 U.S. 991 (1982), although a liberty interest was at stake, the Second Circuit held that due process does not require the administrative decision-maker to read a transcript of the hearing. Appellant counters that the liberty interest at stake in *Yaretsky*—the interest of elderly nursing home patients not to be transferred in an often traumatic procedure—was a lesser interest than his. We do not find the difference to be constitutionally significant, especially since parole involves only conditional and restricted liberty. *Morrissey, supra,* 408 U.S. at 480. Accordingly, we hold that due process does not afford appellant the rights to which he claims he is entitled.

Finally, we are not persuaded that the Parole Commission acted arbitrarily or irrationally as appellant claims. While it is true that Suzy Moore later retracted the allegations of force that she had made in her affidavit, other evidence indicated that it was the affidavit, not the later testimony, that was true. The Parole Commission expressly considered the fact that appellant admitted that he had once convinced a former girlfriend to drop charges that he had stabbed her. Moreover, the record contains the testimony of Harvey Alter to the effect that appellant suggested that he had used force. The record also contains evidence that appellant slit his wrists after his mother had confronted him, as well as evidence that he told his mother in the hospital that he had done something wrong to his sister. While each of these last three facts was denied at the hearing, we believe the Parole Commission was justified in according them some weight.

### III.

To summarize:

We hold that the Parole Commission did not abuse its discretion or violate due process in rejecting the credibility determination of the hearing examiner and that the district court correctly denied the petition for a writ of habeas corpus.

AFFIRMED.