Michael David FLORES, Petitioner,

v.

Fred STOCK, Warden, et al.,
Respondents.

No. CV 89–1171–RG(E).

United States District Court,
C.D. California.

June 6, 1989.

Stephen Mansfield, Asst. U.S. Atty., for respondents.

Charles D. Weisselberg, William J. Genego, Turner Swan (Law Student), Post–Conviction Justice Project, University of Southern California Law Center, Los Angeles, Cal., for petitioner.

## ORDER ADOPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE

GADBOIS, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein and the attached Report and Recommendation of United States Magistrate. The Court approves and adopts the Magistrate's Report and Recommendation.

IT IS ORDERED that Judgment be entered requiring that the United States Parole Commission, within thirty days from entry of Judgment, either (a) cause a live rehearing of Petitioner's case before the Regional Commissioner, or (b) adopt the hearing panel's recommendation and proceed accordingly.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order, the Magistrate's Report and Recommendation and the Judgment herein by United States mail on Petitioner, counsel for Petitioner and counsel for Respondents.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE

CHARLES F. EICK, United States Magistrate.

This Report and Recommendation is submitted to the Honorable Richard A. Gadbois, Jr., United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 194 of the United States District Court for the Central District of California.

## PROCEEDINGS

Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in Federal Custody" on February 28, 1989. Respondent filed a Return on April 10, 1989. Petitioner filed a Traverse on April 25, 1989.

## INTRODUCTION

■ This Petition presents the following question of law:

In a parole revocation proceeding, when the hearing panel determines that a parolee's live testimony is credible, may the Regional Commissioner and/or National Commissioners, without rehearing the parolee's live testimony, properly determine that the parolee's testimony is not credible?

Due process requires that this question be answered in the negative.

## SUMMARY OF FACTS

The pertinent facts are not in dispute. The Parole Commission issued a parole violation warrant against Petitioner based upon charges including assault with a deadly weapon and oral copulation. Petitioner appeared in person and testified at the parole revocation hearing. The hearing panel made no finding on the assault charge or the oral copulation charge because the panel determined that Petitioner's testimony denying these charges was "as credible" as the alleged victim's account. (The alleged victim did not appear; her account was contained in a police report). Specifically, the panel found that Petitioner "did appear to be truthful and sincere ... the panel feels that he was being honest."

Contrary to the hearing panel's credibility assessment and corresponding recommendation, the Regional Commissioner found the alleged victim's version of the incident "more believable than that of the parolee." The case was then referred to the National Commissioners, who revoked Petitioner's parole in accordance with the Regional Commissioner's finding. The National Appeals Board affirmed the decision.[1]

The Regional Commissioner, National Commissioners and members of the National Appeals Board were not present during Petitioner's testimony before the hearing panel. No live rehearing of Petitioner's testimony occurred; the Regional Commissioner, National Commissioners and the National Appeals Board made their determinations based exclusively upon the written record.[2]

---

1. The National Appeals Board modified the reasoning for the decision by concluding that the evidence was insufficient to find oral copulation. Nevertheless, the outcome remained constant because the National Appeals Board upheld the assault finding.

2. These upper levels of the Parole Commission apparently did possess a tape recording of the hearing panel's proceedings. However, there is no indication that the Regional Commissioner, National Commissioners or National Appeals Board ever listened to the recording.

## DISCUSSION

### I. *The Parole Commission's Actions Violated Due Process.*

■ A parolee has a due process right to a hearing prior to parole revocation. *Morrissey v. Brewer*, 408 U.S. 471, 487–89, 92 S.Ct. 2593, 2603–04, 33 L.Ed.2d 484 (1972).

"This hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions ..." *Id.* at 488, 92 S.Ct. at 2604.

The parolee's right to be heard is an "opportunity to be heard 'in person'." *Id.* at 489, 92 S.Ct. at 2604. The present case explores the practical parameters of this right.

■ In a criminal proceeding, the reversal of a credibility finding absent a rehearing of live testimony would violate due process. *See United States v. Bergera*, 512 F.2d 391, 394 (9th Cir.1975). In *Bergera*, a Magistrate conducted an evidentiary hearing on a motion to suppress. On the basis of credibility assessments made at the hearing, the Magistrate recommended that the motion be granted. The District Judge denied the motion without rehearing the testimony that the Magistrate deemed compelling. The Ninth Circuit reversed the ensuing conviction, holding that due process required that the District Judge rehear the evidence if the District Judge determined not to follow the Magistrate's recommendation. *Id.* at 393–94. The Ninth Circuit's reasoning is instructive:

"When the vindication of important legal rights necessarily hangs in the balance, the law must require whatever is essential to preserve the integrity of the fact-finding process. The method most widely recognized as effective in that regard is imposition of the requirement that the fact-finder actually observe the evidentiary process so as to properly weigh and appraise testimony. This court has often recognized the value of observing witnesses in order to determine the truth ...

"Permitting the district court to simply review dry records or listen to tape recordings of the evidentiary hearing conducted by the magistrate would not satisfy the high standard which must be set for factual determinations which by themselves can decide the outcome of a criminal trial." *Id.* at 393–94.

The Ninth Circuit quoted approvingly from its earlier decision in *United States v. Page*, 302 F.2d 81, 84 (9th Cir.1962), wherein the Court acknowledged that "the testimony of a witness, presented to us in a cold record, may make an impression upon us directly contrary to that which we would have received had we seen and heard that witness." *Bergera, supra*, 512 F.2d at 393; *see also United States v. Raddatz*, 447 U.S. 667, 681 n. 7, 100 S.Ct. 2406, 2415 n. 7, 65 L.Ed.2d 424 (1980) ("The issue is not before us, but we assume it is unlikely that a district judge would *reject* a magistrate's proposed findings on credibility when those findings are dispositive and substitute the judge's own appraisal; to do so without seeing and hearing the witness or witnesses whose credibility is in question could well give rise to serious questions which we do not reach").

The *Bergera* decision does not control directly the issue in the present case, of course. "[T]he revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey, supra*, 408 U.S. at 480, 92 S.Ct. at 2600; *see Gagnon v. Scarpelli*, 411 U.S. 778, 783 n. 5, 93 S.Ct. 1756, 1760 n. 5, 36 L.Ed.2d 656 (1973); *see also United States v. Simmons*, 812 F.2d 561, 564 (9th Cir.1987).

Although a parolee's interest in accurate factfinding does not equate to that of a criminal defendant, a parolee's "conditional liberty" interest is substantial. *Morrissey, supra*, 408 U.S. at 480–82, 92 S.Ct. at 2600. "[T]he liberty of a parolee, although indeterminate, includes many of the core values of unqualified liberty and its termination inflicts a 'grievous loss' on the parolee and

often on others." *Id.* at 482, 92 S.Ct. at 2601. Whether due process requires a particular procedure "depends upon whether the [individual's] interest in avoiding that loss outweighs the governmental interest in summary adjudication." *Goldberg v. Kelly*, 397 U.S. 254, 263, 90 S.Ct. 1011, 1018, 25 L.Ed.2d 287 (1970).

In administrative proceedings involving interests of *less* significance than the liberty interest of parolees, courts have condemned credibility determinations made in the absence of a live hearing. In *Goldberg v. Kelly*, 397 U.S. 254, 259, 266–69, 90 S.Ct. 1011, 1016, 1019–21 (1970), the Supreme Court discerned a due process violation where the state terminated welfare benefits without affording the recipient an opportunity for live presentation before the ultimate decision maker.

> "[W]ritten submissions do not afford the flexibility of oral presentations; they do not permit the recipient to mold his argument to the issues the decision maker appears to regard as important. Particularly where credibility and veracity are at issue … written submissions are a wholly unsatisfactory basis for decision … [A] recipient must be allowed to state his position orally." *Id.* at 269, 90 S.Ct. at 1021.

*See also Howard v. Heckler*, 782 F.2d 1484, 1487 (9th Cir.1986) (limiting the power of the Appeals Council of the Department of Health and Human Services to make credibility findings inconsistent with those made by the hearing officer); *but see Normile v. McFague*, 685 F.2d 9, 12 (1st Cir.1982) (final decision maker in Department of Health, Education and Welfare may disagree with the hearing officer's credibility determination if the decision maker "independently considers the record").

Where due process grants an opportunity to be heard, the hearing "must be at a meaningful time and in a meaningful manner." *Goldberg v. Kelly*, 397 U.S. 254, 267, 90 S.Ct. 1011, 1020, 25 L.Ed.2d 287 (1970) (citations and quotations omitted); *see Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S.Ct. 893, 902, 47 L.Ed.2d 18 (1976). If a parolee's right to appear "in person" is to

have meaning, given the significance of a parolee's conditional liberty interest, the hearing panel's credibility findings may not be rejected absent a rehearing of the parolee's live testimony.

If Petitioner had been required to submit his story in the form of an affidavit or audio recording, clearly such procedure would violate Petitioner's right to be heard "in person." Similarly, if Petitioner had testified before one hearing panel, which then transmitted the hearing record to a second panel, which thereafter issued a credibility-based recommendation without ever seeing Petitioner, again, such procedure clearly would violate Petitioner's right to be heard "in person."

The present circumstance is legally indistinguishable from the above hypotheticals. The ultimate factfinders based their credibility determinations on the "cold record." Their rejection of the hearing panel's favorable recommendation left Petitioner in the same position that he would have been in had he never given live testimony. Due process requires that the right to be heard "in person" be "meaningful." The Parole Commission's actions eviscerated all meaning from Petitioner's right to be heard "in person."

Another District Judge and Magistrate of this Court previously disallowed a credibility-based decision revoking parole where the decision maker was not present in person to hear the parolee's story. *Wilson v. Christensen*, No. CV 83–5263–ER(K) (see Order and Findings reproduced as Exhibits T and U to the Petition in the present case). Although this decision is not binding, "[j]udges of the same district court customarily follow a previous decision of a brother judge upon the same question except in unusual or exceptional circumstances." *Buna v. Pacific Far East Line, Inc.*, 441 F.Supp. 1360, 1365 (N.D. Cal.1977); *see United States v. Anaya*, 509 F.Supp. 289, 293 (S.D.Fla.1980), *aff'd*, 685 F.2d 1272 (11th Cir.1982). No unusual or exceptional circumstances here present themselves.

The Tenth Circuit reached a contrary result in *Moore v. Dubois*, 848 F.2d 1115 (10th Cir.1988), *cert. denied*, — U.S. —,

109 S.Ct. 871, 102 L.Ed.2d 994 (1989). With all due respect, the Tenth Circuit's reasoning in *Moore* is unpersuasive and does not bind this Court. *See, e.g., Jorsch v. LeBeau,* 449 F.Supp. 485, 488 n. 9 (N.D. Ill.1978) (district courts are not obligated to follow the decisions of circuits other than their own). The *Moore* Court failed to focus upon the need to ensure the meaningfulness of a parolee's right to a hearing "in person." Moreover, the *Moore* Court relied upon administrative cases in which the threatened losses were not nearly as "grievous" as the loss of a parolee's liberty. *Id.* 1118–19 (*e.g.* loss of job, loss of professional license, transfer of Medicaid patients).

The result recommended herein is not precluded by the Ninth Circuit's decision in *Standlee v. Rhay,* 557 F.2d 1303, 1307–08 (9th Cir.1977). In *Standlee,* the Court upheld the Parole Commission's utilization of the trial transcript of an abili witness' testimony in lieu of the witness' live testimony. The *Standlee* Court did not denigrate the parolee's right to be heard in person. In fact, part of the Court's rationale for approving the use of the transcript concerned the availability of live testimony from other witnesses, including the parolee. "The hearing officer knew of the weight of [the alibi witness'] testimony in the criminal trial and could balance it against the live testimony he heard." *Id.* at 1308.[3]

## II. *The Parole Commission Must Conduct Further Proceedings.*

■ Petitioner urges that the applicable statutes and regulations empower the hearing panel to make unalterable findings of fact. If this interpretation were correct, Petitioner probably would be entitled to immediate reparole.[4] There is nothing in the applicable statutes or regulations that vests ultimate factfinding authority in the hearing panel. *See* Former 18 U.S.C. §§ 4214, 4203; 28 C.F.R. 2.23–2.24. To the contrary, the panel is delegated the power to make *recommendations* only. Former 18 U.S.C. § 4203(c)(2); 28 C.F.R. 2.23(d). The Commissioners retain the ultimate decision making authority. Former 18 U.S.C. §§ 4203, 4214; 28 C.F.R. 2.23–2.24; *see Kajevic v. Baer,* 588 F.Supp. 1061, 1065 (E.D. Mich.1984), *aff'd,* 782 F.2d 1042 (6th Cir. 1985).

■ Due process does not prevent the Regional Commissioner from setting aside the hearing panel's credibility-based recommendation and rehearing the live testimony.[5] Petitioner is entitled to be heard "in person" in a meaningful way; he is not entitled to an order deeming conclusive the hearing panel's credibility findings. *See Ford v. Wainwright,* 549 F.2d 981, 982–83 (5th Cir.1977), *cert. denied,* 434 U.S. 926, 98 S.Ct. 407, 54 L.Ed.2d 284 (1977) (generally, the appropriate remedy for a due process violation occurring in the course of parole revocation proceedings is a new hearing, not outright release).

## RECOMMENDATION

For all of the foregoing reasons, IT IS RECOMMENDED that the Court issue an

---

3. The result recommended herein also is not precluded by *United States v. Berry,* 814 F.2d 1406, 1408 (9th Cir.1987). There, the Ninth Circuit stated in *dicta* that due process would not be violated if a Magistrate held a probation revocation hearing subject to *de novo* review by the District Judge. *Id.* (Courts have equated the due process requirements for probation revocation with the due process requirements for parole revocation). *Gagnon v. Scarpelli,* 411 U.S. 778, 782 n. 3, 93 S.Ct. 1756, 1760 n. 3, 36 L.Ed.2d 656 (1973); *United States v. Simmons,* 812 F.2d 561, 564 (9th Cir.1987). The *Berry* Court did not indicate whether due process would require live testimony as part of the *de novo* review should the District Judge disagree with the Magistrate's credibility determinations.

4. Petitioner's parole also was revoked on the basis of an uncontested trespassing charge. Unless the Parole Commission were to issue a decision outside the guideline range, however, the trespassing charge apparently would warrant less incarceration time prior to reparole than Petitioner has served to date.

5. Nor does due process prevent a Commissioner from *adopting* credibility-based recommendations of hearing panels without any rehearing. However, when a Commissioner chooses to reject a panel's credibility findings, that Commissioner must rehear the live testimony himself or herself before reaching his or her ultimate decision.

Order: (1) approving and adopting this Report and Recommendation; and (2) directing that Judgment be entered requiring that the United States Parole Commission, within thirty days from entry of Judgment, either (a) cause a live rehearing of Petitioner's case before the Regional Commissioner, or (b) accept the hearing panel's recommendation and proceed accordingly.

DATED: May 9, 1989.