**Johanna M. ABERNATHY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 89–4171–R.**

United States District Court, D. Kansas.

Feb. 28, 1990.

Fred Spigarelli and Pamela G. Phalen, Spigarelli, McLane & Short, Pittsburg, Kan., for plaintiff.

Benjamin L. Burgess, Jr., U.S. Atty., and Jackie A. Rapstine, Asst. U.S. Atty., Topeka, Kan., for defendant.

MEMORANDUM AND ORDER

ROGERS, District Judge.

This case is now before the court upon defendant's motion to dismiss. This is a Federal Tort Claims Act case arising from an automobile accident. The accident occurred on August 2, 1987. Plaintiff filed suit on this matter once before, but agreed to dismissal without prejudice for failure to file an administrative claim. On March 6, 1989, the postal service received an administrative claim from plaintiff. This case was filed August 17, 1989—less than six months after the presentment of the administrative claim. On October 24, 1989, the defendant filed the instant motion to dismiss.

Defendant's motion argues that this court lacks jurisdiction to consider this action because plaintiff filed this case before the administrative claim was denied by the postal service. The Federal Tort Claims Act provides, in pertinent part, that:

> An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate federal agency and his claim shall have been finally denied by the agency.... The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant at any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). In sum, an administrative claim must be filed and denied, either formally or by the passage of six months without action, before this court has jurisdiction to consider a tort claim against the United States. In this instance, however, plaintiff waited only five months and eleven days to file this action. Of course, six months have now passed. Indeed, they passed prior to the filing of the motion at bar. Defendant argues that jurisdiction did not exist over this case when it

was filed and, therefore, the case must be dismissed. Plaintiff argues that it would be a needless formality to require plaintiff to refile this case now that the six month period has passed.

There is a split of authority on how to resolve this jurisdictional problem. The Fifth Circuit has held on similar facts that dismissal is required because "[w]aivers of sovereign immunity must be strictly construed." *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir.1981). "Section 2675 ... requires that jurisdiction must exist at the time the complaint is filed." *Id.* In a later case, *Reynolds v. U.S.*, 748 F.2d 291 (5th Cir.1984), the Fifth Circuit followed the decision in *Gregory* and further held that an amended complaint asserting administrative exhaustion would relate back to the original complaint's filing date when there was no jurisdiction and, therefore, would not cure the jurisdictional defect. Also, in a more recent case, *U.S. v. Burzynski Cancer Research Institute*, 819 F.2d 1301, 1307 (5th Cir.1987), the Fifth Circuit stated that it would not be proper to hold a complaint in abeyance until an administrative claim was filed and denied. Other cases have asserted agreement with the Fifth Circuit's position. *Whitmire v. U.S. Veterans Administration*, 661 F.Supp. 720, 723 (W.D.Wash.1986); *Porter v. United States*, 619 F.Supp. 137 (S.D.Ohio 1985) (dicta); *GAF Corp. v. U.S.*, 593 F.Supp. 703, 706 (D.D.C.1984) (dicta); *Feltes v. State*, 385 N.W.2d 544 (Iowa 1986) (applying similar principles to Iowa Tort Claims statute).

Various cases have upheld a contrary approach. In *Celestine v. Veterans Administration Hospital*, 746 F.2d 1360 (8th Cir.1984), the Eighth Circuit held that the exhaustion of administrative remedies before substantial progress is made in a case renders moot a jurisdictional challenge alleging a premature filing of the complaint. In *Kubrick v. U.S.*, 581 F.2d 1092 (3d Cir.1978) *rev'd on other grds*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), the Third Circuit held, apparently without objection by the government, that where an administrative claim is denied before substantial progress has been made in pending litigation, the suit need not be refiled to be effective. Instead of dismissing original complaints where exhaustion was not completed prior to filing, other courts have permitted amended complaints which allege administrative exhaustion. *Socialist Workers Party v. Attorney General*, 642 F.Supp. 1357, 1414–15 (S.D.N.Y.1986) (citing *Kubrick*); *Campbell v. U.S.*, 534 F.Supp. 762 (D.Haw.1982) (amendment of complaint permitted at trial); *Clark v. U.S.*, 481 F.Supp. 1086 (S.D.N.Y.1979) (amended complaint agreed to by the parties); *Gardner v. State*, 549 A.2d 1171 (Md.App.1988) (amendment permitted in case under analogous Maryland law). To the credit of counsel for defendant, the court has been directed to an unpublished decision from Judge Saffels of this district, *Smith v. Kennedy*, Case No. 87–4269–S, 1989 WL 59079 (D.Kan., unpublished, 3/6/89). This decision follows the *Celestine*, *Kubrick* and *Campbell* cases cited previously, where it was considered a needless formality to require a case to be refiled when the first filing was originally premature, but exhaustion of administrative remedies had subsequently been accomplished.

Counsel for defendant has also referred the court to the case of *National Sea Clammers v. City of New York*, 616 F.2d 1222, 1236 (3d Cir.1980) *modified on other grounds*, 453 U.S. 1, 101 S.Ct. 2615, 69 L.Ed.2d 435 (1981), where the Third Circuit neither follows nor mentions its *Kubrick* decision. Instead, the court upheld the dismissal of an FTCA claim where the plaintiffs failed to observe the six month waiting period for filing a complaint.

This court recognizes that "procedures established pursuant to the [Federal Tort Claims] Act must be strictly construed inasmuch as the Act constitutes a waiver of sovereign immunity." *Three–M Enterprises, Inc. v. United States*, 548 F.2d 293, 295 (10th Cir.1977). The court also believes that "absent unusual or exceptional circumstances, judges of coordinate jurisdiction within a jurisdiction should follow brethren judges' rulings." *U.S. v. Anaya*, 509 F.Supp. 289, 293 (S.D.Fla.1980); see also, *Flores v. Stock*, 715 F.Supp. 1468, 1471 (C.D.Cal.1989).

In this case, before substantial progress was made in this lawsuit, plaintiff exhausted her administrative remedies. It appears that the policies and procedures of the law have been followed except for the filing of this lawsuit approximately three weeks too soon. If defendant's motion were granted, this case would simply be refiled. We find no unusual or exceptional reason to enforce this needless formality in the face of contrary authority within the district, as well as outside the district. Accordingly, the court shall deny defendant's motion to dismiss on the condition that within 20 days of the date of this order, plaintiff file an amended complaint asserting the denial, formally or informally, of plaintiff's administrative claim.

IT IS SO ORDERED.