Theresa **HANLON** and Theresa Hanlon, as Administratrix of the goods, chattels and credits of John Hanlon, deceased, Plaintiffs,

v.

**UNITED STATES** of America, Nyland (CF8) Ltd. and New York Land Ltd., d/b/a New York Land Company, and NYL, Inc., d/b/a New York Land Company, Defendants.

NYL, INC., d/b/a New York Land Company, Third Party Plaintiff,

v.

HERZFELD & RUBIN, P.C., Third Party Defendant.

No. 86 CV 3327.

United States District Court, E.D. New York.

Feb. 5, 1991.

Gair, Gair, Conason, Steigman and Mackauf by Jeffrey B. Bloom, New York City, for plaintiffs.

Andrew J. Maloney, U.S. Atty., E.D.N.Y. by Thomas A. McFarland, Asst. U.S. Atty., Brooklyn, N.Y., for defendants.

## MEMORANDUM AND ORDER

WEINSTEIN, District Judge.

Following a non-jury trial, the court announced oral findings of fact and law. *See* Transcript dated March 2, 1989 at 41–43; Transcript dated March 6, 1990 at 84–87. The only open question is whether the court can award the husband (who died after the trial) damages for loss of consortium. This depends upon whether adequate administrative notice of his claim was timely given. For the reasons indicated below, the answer must be that notice of the husband's claim was proper.

A letter from plaintiffs' counsel, dated October 18, 1985 initially notified the claims division of the United States Postal Service of the wife's claim; the letter indicated the enclosure of Form 95 Claim for Damage, Injury or Death. The form listed Theresa Hanlon as claimant and John Hanlon as her spouse. It alleged that she tripped over a bag of mail and described her serious injuries.

Two subsequent letters, one on January 2, 1986 and one on May 27, 1986 refer only to the wife's claim. A third letter dated October 6, 1986 enclosed a copy of the then recently filed summons and complaint. In each case the reference at the top of the letter read as follows:

Re: Theresa Hanlon

Our File No.: 42137.0001

Date of Accident: May 2, 1985

The complaint listed both the husband and wife as plaintiffs and contained separate causes of action for Mrs. Hanlon's injuries and for Mr. Hanlon's loss of consortium. Even a cursory reading of the summons and complaint indicates that there were two claimants; the complaint refers to "plaintiffs" on five occasions.

■ The notice necessary to meet the requirement of 28 U.S.C. § 2675(a) need not be on the forms supplied by the Postal Service. *See, e.g., Miller v. United States,* 741 F.2d 148 (7th Cir.1984) (demand letter to Postal Service sufficient to constitute an administrative claim); 28 C.F.R. § 14.2(a) (1990); 39 C.F.R. § 912.5(a) (1990). Even where notice is received after the commencement of an action, the case will proceed if administrative remedies are exhausted before substantial progress has been made on the case—the situation here. *Kubrick v. United States,* 581 F.2d 1092, 1098 (3d Cir.1978), *rev'd on other grounds,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979).

■ To satisfy the statutory requirements, the form of notice must simply be sufficient to afford the agency the opportunity to investigate the claim. *Johnson v. United States,* 788 F.2d 845, 848 (2d Cir. 1986). In *Johnson* plaintiffs filed a claim against the Postal Service alleging only sexual assault, a claim barred by 28 U.S.C. § 2680(h). Later, when plaintiffs asserted a cause of action for negligent supervision, the district court dismissed the claim for failure to give administrative notice. The Court of Appeals, while affirming, noted that the barred claim sufficed as notice of a claim for negligent supervision. *Id.* at 849. One claim could be anticipated from the other.

■ Timely and effective notice of the husband's claim was given on October 6, 1986. The letter of October 6, 1986 was addressed to the General Counsel's office of the Postal Service. It could be reasonably expected that the enclosed complaint would be examined. The reference at the top of the letter to a single plaintiff is normal. Judicial notice is taken that a lawyer's filing system would not normally require opening a new file for the husband's derivative claim of loss of consortium. Since serious disabling injuries to Mrs. Hanlon were alleged on the Form 95, an experienced agency such as the legal branch of the Postal Service should have anticipated Mr. Hanlon's claim for loss of consortium.

Notice of the husband's consortium claim was properly given. A judgment in his favor should be entered.

Submit a judgment within ten days for both plaintiffs in accordance with the oral

findings on the record. The parties should be able to agree on the form and amounts. If they can not agree on amounts, the matter will be referred to the Magistrate for computation based upon the oral findings.

So ordered.