**Duncan CAMPBELL, individually and in his capacity as Guardian Ad Litem for Carolyn Louise Campbell, an incompetent, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 79–0592.**

United States District Court, D. Hawaii.

March 25, 1982.

Mark S. Davis, Stanley E. Levin, Davis & Levin, Honolulu, Hawaii, for plaintiffs.

R. Michael Burke, Asst. U. S. Atty., Wallace W. Weatherwax, U. S. Atty., Honolulu, Hawaii, for defendant.

## ORDER DENYING MOTION TO DISMISS OR LIMIT AWARD

SAMUEL P. KING, Chief Judge.

This motion arises from the above-captioned suit for medical malpractice against the United States. A Motion for Summary Judgment on liability was granted in plaintiffs' favor by Judge Battin on April 30, 1981. All that remains, beyond this motion, for the Court to decide is the amount of damages to be awarded plaintiffs.

On the eve of trial in December 1981, the government filed the present motion, challenging the Court's subject-matter jurisdiction under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, and in the alternative seeking to limit the award to no more than $2.5 million. For the reasons stated herein, defendant's motion is DENIED.

### I. *Claims of Duncan Campbell*

Defendant first asserts that the Court lacks subject-matter jurisdiction over the claims of Duncan Campbell because of his failure to file an administrative claim with the Department of the Army (the "Army") at least six months before the commencement of this suit, as required by 28 U.S.C. § 2675(a). Exhaustion of administrative remedies under section 2675(a) is a prerequisite to this Court's taking jurisdiction over a tort claim against the United States.

The chronology of the relevant events in this case is as follows:

On January 17, 1978, Carolyn Campbell, Duncan Campbell's wife, received the injuries that rendered her unable to act or care for herself and for which the United States has already been found liable. On May 11, 1978, a "Claim for Damages or Injury" was lodged with the Army, listing Carolyn as the claimant and Duncan as her spouse.

Duncan signed this claim "for Carolyn L. Campbell." Subsequently, the form was amended by the addition of the figure $2,500,717.70 as the amount of the claim.

On December 13, 1979, the parties not having settled, the complaint was filed with the Court. Plaintiffs were listed in the complaint as "Duncan Campbell, individually and in his capacity as Guardian Ad Litem for Carolyn Louise Campbell." On December 19, 1979, Duncan Campbell filed a "Claim for Damages, Injury or Death" with the Army, listing *himself* as the claimant and demanding $3.5 million for the "loss of love and affection, financial support and consortium as a result of injuries to my wife."

■ Defendant filed the instant motion on November 30, 1981, arguing *inter alia* that Duncan's failure to exhaust administrative remedies by filing a claim on his own behalf before institution of this suit, as required by section 2675(a), deprived the Court of jurisdiction over his claims. Trial began on December 2, 1981, and on December 4, plaintiffs moved, at the Court's suggestion, for leave to file a supplemental complaint pursuant to Fed.R.Civ.P. 15(d).

The Court granted plaintiffs' motion, by which they amended their complaint to allege that Duncan filed an administrative claim with the Army on December 19, 1979, and that the claim was not finally disposed of within six months. The Court's decision on that motion was based on the ground that, although Duncan might have been in technical violation of section 2675(a) by not filing an individual claim before commencement of this action, because he did ultimately comply with the claim requirement of the FTCA within the prescribed limitation period, it would have been a wasteful and needless formalism to require him to file a new complaint on his own behalf. In the Court's opinion, rule 15(d) was designed precisely to avoid such empty exercises.[1]

Therefore, because the complaint has now been amended to allege the necessary juris-dictional prerequisites for Duncan Campbell's individual claims under the FTCA, and the Court being satisfied that those jurisdictional prerequisites have in fact been met, the Court finds that defendant's motion to dismiss is moot as it relates to the claims of Duncan Campbell individually.

## II. *Claims of Carolyn Campbell*

Defendant also argues that Carolyn Campbell's own claims are jurisdictionally defective in that the administrative claim filed on her behalf by her husband did not comply with the federal regulations governing who may file a claim for an injured party.

Defendant founds its argument on 28 C.F.R. § 14.3(b) & (e), implementing 28 U.S.C. § 2675, which state:

(b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.

. . . .

(e) A claim presented by an agent or legal representative shall be presented in the name of the claimant, be signed by the agent or legal representative, show the title or legal capacity of the person signing, and be accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

From these regulations, defendant argues that Duncan Campbell either was without legal authority, or failed to provide evidence of his authority, to present an administrative claim on his wife's behalf. The government, in support of its position that Duncan was without authority to present the claim, relies primarily on the fact that he was not appointed Guardian Ad Litem until after the initiation of this action.

The Court, however, does not read the regulations so narrowly. Section 14.3(e) requires only that the claim be presented by an "agent, executor, administrator, parent, guardian, or *other representative* [emphasis

---

1. This result was particularly compelling because, in all likelihood, a new suit would simply have been reconsolidated with the original suit under rule 42(a), Fed.R.Civ.P.

added]." In other words, the regulations speak in general terms, without mandating adherence to any particular procedure for the appointment of a competent representative. The appointment of a guardian ad litem, to which the government points as the touchstone, follows from rule 17(c), Fed. R.Civ.P., providing for the representation of incompetents in a *law suit*, not for an administrative claim.

The cases cited by the government in support of its position are inapposite. *Pringle v. United States*, 419 F.Supp. 289 (D.S. C.1976), involved the application of 28 C.F.R. § 14.3(c), which requires that claims based on *death* be presented by a person authorized "in accordance with the applicable State law." Under the applicable South Carolina law, the plaintiff in *Pringle* had not been duly authorized to present the claim until after the statute of limitations had run. The instant case, by contrast, involves section 14.3(e), which contains no such restriction on who may present a claim for *injury*.

*Triplett v. United States*, 501 F.Supp. 118 (D.Nev.1980), is likewise distinguishable in that it turned on the failure of an attorney to give evidence of his authority to act for the claimant. Here, however, Duncan Campbell's status as Carolyn's husband was made clear to the Army on the claim form.

■■ There is no question but that Carolyn Campbell was and remains incapable of making an administrative claim for herself. As her husband, Duncan was the natural party to make the claim on her behalf. That he was her spouse was clearly indicated on the claim form submitted to the Army. Indeed, until the making of the present motion some three and a half years after the filing of the claim, the government itself apparently was satisfied that Duncan was authorized to present the claim for his wife. Although the government may not waive the jurisdictional requirements of the FTCA, it may, by its acquiescence, indicate how one is to interpret its own regulations implementing the Act. Because the regulations are vague and potentially misleading, the Court will assume

that the government's earlier failure to object to the claim means that it found Duncan Campbell authorized to present Carolyn's claim within the meaning of section 14.3. To hold otherwise would insult the remedial purposes of the FTCA by permitting the government to mislead claimants into false complacency.

As the court in *Van Fossen v. United States*, 430 F.Supp. 1017, 1022 (N.D.Cal. 1977), has said in a similar case:

> Yet, were the government's interpretations of Regulation 14.3(c) adopted in this case, the administrative process would not serve as a settlement tool, but instead, would act as a procedural roadblock for plaintiffs.... Congress simply did not intend to complicate the claims process with the intricacies of state procedural requirements. It intended to lessen the court caseload through "fair settlement," not procedural default.

III. *Limitation of Award*

■ Finally, defendant argues that, even if the Court has jurisdiction over this case, the plaintiffs may not recover more than $2.5 million, the amount initially claimed by plaintiffs on the administrative claim form lodged with the Army on May 11, 1978. Defendant's argument rests on 28 U.S.C. § 2675(b), which states:

> Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, *except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim.* (Emphasis added.)

Defendant asserts that, because the stated exception to this section does not apply here, plaintiffs cannot claim any sum in excess of $2.5 million, although they have alleged damages in excess of $6 million.

First, defendant's argument has clearly been mooted as it relates to the individual

claims of Duncan Campbell. Since Duncan has now perfected his own administrative claim in the amount of $3.5 million, he is entitled, of course, to sue for that amount.[2]

 With respect to Carolyn Campbell's own claims, the Court finds that the exception to section 2675(b) applies to this case. At the time that Carolyn's administrative claim was filed on May 11, 1978, she had recently emerged from a prolonged period of coma. The full extent of her disability has been discovered only over a long period of time, extending from the date of her injury and, in fact, continuing to the present time.

Because the true nature of Carolyn's condition has in some respects revealed itself only with the passage of time, it is not entirely clear whether the plaintiffs have presented "newly discovered evidence" or "intervening facts." The Court finds, however, that the newly alleged elements of injury fit under one or the other rubric. That is, the full extent of Carolyn's disability and future medical and care needs were either facts "not reasonably discoverable at the time of presenting the claim" or "intervening facts."

As another court has stated in an analogous setting:

> Only after extensive physical, psychological and psychiatric examination was it possible to determine the nature of the plaintiff's injuries. A rule that would require the plaintiff to know the full extent of his injuries when they are such that medical science cannot immediately establish them is neither logical nor practical.

*Joyce v. United States*, 329 F.Supp. 1242, 1247–48 (W.D.Pa.1971), *vacated on other grounds*, 474 F.2d 215 (3d Cir. 1973); *see also Husovsky v. United States*, 590 F.2d 944 (D.C.Cir.1978); *Foskey v. United States*, 490 F.Supp. 1047 (D.R.I.1980). The Court finds that the same reasoning obtains in the case at bar.

Therefore, for all the reasons stated above,

IT IS HEREBY ORDERED that defendant's Motion to Dismiss or Limit Potential Award is DENIED.

---

2. Duncan Campbell, in fact, prays for only some $978,182.00 in damages to himself.