John J. SUSANIN and Mary Susanin, Plaintiffs,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 83–1191.

United States District Court, W.D. Pennsylvania.

Sept. 7, 1983.

Alan L. Carb, Pittsburgh, Pa., for plaintiffs.

Albert W. Schollaert, Asst. U.S. Atty., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

WEBER, District Judge.

The government has moved to dismiss Mary Susanin's claim for loss of consortium for failure to satisfy the jurisdictional prerequisites of the Federal Tort Claims Act. We conclude that a jurisdictional defect prevents this court from entertaining the wife's claim. That portion of the complaint will therefore be dismissed, but without prejudice to its renewal upon final disposition of the wife's administrative claim.

The complaint alleges that John Susanin was injured on January 30–31, 1981 by the action of employees of the United States acting within the scope of their employment. The complaint demands damages for John's injuries and for Mary's loss of consortium.

John Susanin filed an administrative claim for money damages for his injuries on June 8, 1982. This claim did not demand damages for Mary's loss of consortium. The claim was denied on March 1, 1983.

The instant complaint was filed May 18, 1983. On July 18, 1983, the government moved to dismiss the wife's claim for failure to file an administrative claim. Plaintiffs assert in the brief in opposition to the motion to dismiss that on July 19, 1983, Mary Susanin filed an administrative claim form with the appropriate agency setting forth her claim for loss of consortium. Apparently the government entity has not yet made any final determination of this claim.

■ The jurisdictional requirements for this action are set forth at 28 U.S.C. § 2675(a). That section requires a claimant to file an administrative claim for damages with the appropriate agency of the United States before he may institute action on the claim in the United States District Court. No exception exists for claims for loss of consortium. *Knouff v. United States,* 74 F.R.D. 555 (W.D.Pa.1977); *Ryan v. United States,* 457 F.Supp. 400 (W.D.Pa.1978).

■ Although Mary Susanin had not filed an administrative claim prior to the government's motion to dismiss, the timely filing of such a claim, albeit subsequent to the institution of this action, could serve to cure the defect. *Clark v. United States,* 481 F.Supp. 1086, 1098 (S.D.N.Y.1979); *Campbell v. United States,* 534 F.Supp. 762 (D.C. Haw.1982). However, we have only the assertions in plaintiffs' brief to establish that Mary Susanin has now filed an administrative claim. Furthermore the timeliness of this filing is in doubt because the limitations period measured from the date of the injury has expired. Plaintiffs again assert in the brief that the limitations period should be tolled because plaintiffs were unaware of the source of plaintiff-husband's injuries until a later date. This is essentially a factual question. Plaintiffs have failed to submit any evidentiary materials and we will not rest on the bare assertions in the brief.

More important, however, is plaintiff-wife's failure to satisfy another jurisdictional prerequisite of 28 U.S.C. § 2675(a). Assuming that Mary Susanin has now filed a timely claim, she must await a final decision on the claim or the passage of six months before she may institute action in the District Court. Neither eventuality has occurred at this time.

■ Plaintiffs argue that requiring them to pursue the administrative claim for loss of consortium is futile because the government has already denied payment on the underlying claim for injuries. While we accede that the wife's claim for loss of consortium will likely be denied on the same basis as her husband's claim, we will not venture to foreclose the question by removing it from the hands of those responsible for investigation and settlement of such claims. In any event, the statute is unmistakable in its language: action may be instituted only after six months or denial of the claim. This requirement is jurisdictional and not waivable. Plaintiffs' reliance on *Campbell v. United States,* 534 F.Supp. 762, is misplaced on this point because there six

months had passed from the filing of the administrative claim.

Because of the jurisdictional defects described above, Mary Susanin's claim for loss of consortium must be dismissed. However, we dismiss without prejudice to renewal upon satisfaction of the jurisdictional requirements of the Act. *See, Price v. United States,* 466 F.Supp. 315 (E.D.Pa. 1979).

Because the consortium claim by its nature is so closely related to the husband's claim and will likely meet the same fate at the administrative level, expedited treatment of Mary Susanin's administrative claim would benefit all parties. We urge the government to seek the acceleration of the process and thereby effect economy of resources.