Kenneth L. **CELESTINE**, Appellant,

v.

**VETERANS ADMINISTRATION HOSPITAL**, Appellee.

No. 83–2511.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 14, 1984.

Decided Oct. 26, 1984.

Linda K. Davis, Kansas City, Mo., for appellant.

Larry D. Coleman, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, McMILLIAN and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

Kenneth L. Celestine brought this action pro se against the Veterans Administration. His handwritten complaint alleged that he had been mistreated by employees of the Veterans Administration (VA), an agency of the United States. The District Court, interpreting the complaint as an attempt to allege a claim under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 et seq., dismissed for lack of jurisdiction, holding that plaintiff had not exhausted his administrative remedies by filing an administrative claim with the VA and then filing suit within six months after written denial of the claim. In fact, but unknown to the District Court, plaintiff had filed such a claim with the VA, and it had been denied in writing, before the Court ruled favorably on the government's motion to dismiss. We hold that the government should have notified the District Court of this crucial change in circumstances, which destroyed the basis for the motion to dismiss. We vacate the decision below and remand for further proceedings on Celestine's claim.

■ When plaintiff initially filed his complaint, it was subject to the objection, made by the government in its motion to dismiss, that administrative remedies had not been exhausted. Exhaustion of these remedies is a jurisdictional prerequisite to the maintenance of an action under the Federal Tort Claims Act, and absent such exhaustion the sovereign immunity of the United States from suit is not waived.[1] *Smith v. United States*, 588 F.2d 1209, 1211 (8th Cir.1978). The government was therefore within its rights when, about two months after the complaint was filed, it moved to dismiss. If the District Court had acted on the motion at that time, there would have been no error. The Court did not act, however, until about eighteen months later, at which time the state of affairs had changed. By that time the plaintiff had filed an administrative claim with the VA, and it had been denied in writing. Neither the plaintiff nor the government informed the District Court of this fact. The Court, therefore, can hardly be faulted for the action it took.

■ The government urges us to affirm, contending that it was plaintiff's duty to establish jurisdiction by informing the District Court of the fact that he had filed a claim and had received from the VA a denial of the claim in writing. No doubt the plaintiff should have conveyed this information to the Court, though, as a party acting without counsel, we can understand his failure to do so. But we cannot agree that the change in circumstances should now be ignored. It is the duty of the United States and its attorneys, when engaged in litigation or, indeed, in any dealings with citizens, not just to win a case, but to see that justice is done.

The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, ... is not that it shall win a case, but that justice shall be done.

*Berger v. United States*, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935). The government had filed a motion to dismiss representing that administrative remedies had not been exhausted. When this state of affairs later changed, the government obviously knew it, because its own agency had denied Celestine's administrative claim. This information should have been conveyed by the VA to the United States Attorney, and by him, in turn, to the District Court.

■ The Assistant United States Attorney handling the case was himself unaware that an administrative claim had been filed and denied. That does not alter the legal fact that the United States is a collective entity, as well as a sovereign one, and that the knowledge of the employees of the Veterans Administration who denied Celestine's claim is, under the circumstances of this case, fairly imputable, as a matter of law, to government counsel representing the VA in court. It is fair to assume, in most contexts, that lawyers know what their clients know, and this is especially true when the client is the United States, which, as just noted, has a duty to deal fairly with opposing litigants.

The government's motion to dismiss was a continuing representation of facts to the Court; if these facts were no longer correct, the government, knowing of this change, had a duty to report the changed circumstances to the Court. The failure of the government to inform the District Court of the new information, the denial of

---

1. 28 U.S.C. § 2675(a) (1982), provides:

 An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

the administrative claim, was, thus, a breach of duty.[2]

We take the case, therefore, as if the government had fulfilled its duty. Although administrative remedies had not been exhausted when suit was filed, they were exhausted before any substantial progress had been made on the case. Several courts have held that when the plaintiff files an administrative claim after filing in district court, and the claim is subsequently denied, refiling is not necessary and objections for failure to exhaust administrative remedies are moot. In *Kubrick v. United States*, 581 F.2d 1092 (3d Cir.1978), *rev'd on other grounds*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), the plaintiffs filed an administrative complaint several months after they had filed suit. The Third Circuit held that "[w]here the administrative claim is denied before any substantial progress has been made in the pending litigation, the suit need not be refiled to be effective .... To hold that refiling was necessary would involve duplicitous pleadings and wasted effort." 581 F.2d at 1098. See also *Campbell v. United States*, 534 F.Supp. 762, 764 (D.Hawaii 1982); *Clark v. United States*, 481 F.Supp. 1086, 1098–99 (S.D.N.Y.1979), *appeal dismissed as to other defendants*, 624 F.2d 3 (2d Cir.1980).

Although the District Court cannot be said to have committed any error, since it acted quite properly on the basis of the facts as it believed them to be, it is our duty to vacate the judgment of dismissal and remand for further proceedings. We hold that the District Court does have jurisdiction of the complaint under the Federal Tort Claims Act. Whether all of the theories that the complaint may be read to allege in fact state claims under that Act is of course another question, to be explored on remand.

The District Court also observed (correctly) that the "Veterans Administration" is not a suable entity. The case should have been brought against the United States as such, and on remand the District Court should grant leave to amend the complaint accordingly. The Court should also consider whether to appoint counsel for plaintiff.

Plaintiff has been represented on this appeal by counsel appointed by this Court. We thank her for her service to her client and to us.

Vacated and remanded.

**2.** Compare Fed.R.Civ.P. 26(e)(2), which imposes an analogous duty on all parties in the context of discovery:

 A party is under a duty seasonably to amend a prior response if he obtains information upon

the basis of which ... he knows that the response though correct when made is no longer true and the circumstances are such that a failure to amend the response is in substance a knowing concealment.