**James J. HARDIMAN; Helen E. Hardiman**

v.

**UNITED STATES of America.**

**Civ. No. 88–279–D.**

United States District Court, D. New Hampshire.

Feb. 1, 1989.

Jill A. DeMello, Manchester, N.H., for plaintiffs.

Nancy E. Hart, Asst. U.S. Atty., Concord, N.H., for defendant.

## ORDER

DEVINE, Chief Judge.

In this case brought under the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, *et seq.*, plaintiffs James and Helen Hardiman bring claims against the United States arising from treatment Mr. Hardiman received at the Veterans Administration Hospital in Manchester, New Hampshire. Mr. Hardiman's negligence claim is contained in Count I, and Count II sets forth Mrs. Hardiman's loss of consortium claim. The matter is before the Court on the United States' renewed motion to dismiss Count II for lack of subject matter jurisdiction. *See* Rule 12(b)(1), Fed.R.Civ.P.

■ Defendant's motion is based on Mrs. Hardiman's alleged failure to exhaust her administrative remedies as required by the FTCA. *See* 28 U.S.C. § 2675(a). The statute provides in pertinent part:

> An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing. ...

28 U.S.C. § 2675(a). The presentation of an administrative claim is an absolute jurisdictional prerequisite to suit. *See Swift v. United States*, 614 F.2d 812, 813 (1st Cir. 1980).

■ Helen Hardiman never filed a separate administrative claim in this action. However, her husband, James Hardiman, filed standard claim form no. 95 on December 4, 1987, in which he listed himself and his wife as claimants and claimed damages in the amount of $1,200,000. The Government argues that identifying Mrs. Hardiman as a claimant on this form was insufficient to put the Government on notice of her claim. The Government asserts that Mrs. Hardiman should have filed a separate form and/or should have set forth the specific nature of her loss of consortium claim. The plaintiff responds that Mrs. Hardiman's listing as a claimant, combined with the nature of Mr. Hardiman's injury, was sufficient to notify the Government that a loss of consortium claim was being asserted. For the following reasons, the Court agrees with plaintiffs that the form filed by them was sufficient to notify the Government of Mrs. Hardiman's claim, and she has thus adequately exhausted her administrative remedies under the FTCA.

Various courts have held that the filing of an administrative claim by the recipient of a direct injury is insufficient to put the Government on notice of a spouse's loss of consortium claim. *See, e.g., Johnson v. United States,* 704 F.2d 1431, 1442 (9th Cir.1983); *Fol v. United States,* 548 F.Supp. 1257 (S.D.N.Y.1982); *Collins v. GMC,* 101 F.R.D. 1 (W.D.Pa.1982). However, in none of these cases was the spouse listed as a claimant on the administrative form. Thus, the administrative agencies involved had no reason to conclude that the spouses in these cases were asserting claims.

In the instant case, Mrs. Hardiman was specifically identified as a claimant on the form. The Government was therefore on notice that Mrs. Hardiman was making a claim. *See Casey v. United States,* 635 F.Supp. 221, 225 (D.Mass.1986). And, although Mrs. Hardiman did not state on the form that her claim was for "loss of consortium", it is clear from the nature of the injury alleged that this was the basis of her claim.

Nothing contained in the form required Mrs. Hardiman to specifically set forth the type of loss she suffered. The form simply requires the claimant to "state [the] nature and extent of injury which forms the basis of this claim." In response, claimants herein stated: "Failure to diagnose severity of vascular disease of the right leg resulting in above-the-knee amputation."

Although a loss of consortium claim is a distinct cause of action from a personal injury claim under New Hampshire law, *see* New Hampshire Revised Statutes Annotated 507:8–a; *Reid v. Spadone Machine Co.,* 119 N.H. 198, 199, 400 A.2d 54, 55 (1979), the claim arises from the spouse's physical injury. *See LaBonte v. National Gypsum Co.,* 110 N.H. 314, 319, 269 A.2d 634, 638 (1970) (wife's loss of consortium claim results from negligent injury to husband). Thus the claimants appropriately identified Mr. Hardiman's physical injury as the basis of their claims. Because the form set forth the nature of Mr. Hardiman's injury and stated that his wife was also a claimant,

the only possible basis of her claim was loss of consortium.

 Congress enacted the administrative claims procedure to lessen the court caseload by functioning as a settlement tool, not as a procedural roadblock. *Casey, supra,* 635 F.Supp. at 226 n. 6 (citing *Van Fossen v. United States,* 430 F.Supp. 1017, 1022 (N.D.Cal.1977)). This purpose—to promote fair settlement—was not hindered by Mr. Hardiman's inclusion of Mrs. Hardiman's claim on the same administrative claims form. Indeed, plaintiffs assert that the Government made no attempt to settle this claim.

The Court concludes that the claim form filed by Mr. Hardiman put the Government on notice of Mrs. Hardiman's loss of consortium claim, and she has therefore exhausted her administrative remedies. The Court accordingly denies the defendant's renewed motion to dismiss (document no. 11).

SO ORDERED.