**William McNEIL, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

**No. 91–1303.**

United States Court of Appeals, Seventh Circuit.

Argued April 27, 1992.

Decided May 20, 1992.

As Amended May 26, 1992.

Rehearing and Rehearing En Banc Denied June 26, 1992.

Allen E. Shoenberger, Chicago, Ill. (argued), for plaintiff-appellant.

Eileen M. Marutzky, Jack Donatelli (argued), Asst. U.S. Attys., Office of the U.S. Atty., Civil Div., Appellate Section, Chicago, Ill., for defendant-appellee.

Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.

EASTERBROOK, Circuit Judge.

William McNeil is a prisoner of Illinois. In March 1989 he filed this action under the Federal Tort Claims Act, contending that the prison had compelled him to participate in experiments conducted or financed by the United States Public Health Service. One of these experiments, McNeil alleged, was to share a cell with another prisoner who has AIDS. He demanded $20 million in damages.

Among the suit's problems was McNeil's failure to pursue administrative remedies as the FTCA requires. 28 U.S.C. § 2675(a).

McNeil filed a claim in June, seeking $500,-000 on the assertion that he had contracted hepatitis and been exposed to AIDS. The Department of Health and Human Services denied this claim on July 21, 1989. Instead of commencing a new suit, McNeil sought assistance in the existing one, attaching the administrative decision to a request filed in August 1989 for the appointment of counsel. The district judge eventually dismissed the action on the ground that it had been filed too soon. It is too late to file another.

According to 28 U.S.C. § 2401(b), a tort claim against the United States must be "begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented." The administrative denial was mailed on July 21, 1989, so McNeil had between then and January 21, 1990, to begin his action. The complaint filed in March 1989 was too early. This left two options. Perhaps the document filed in March 1989 loitered on the docket, springing into force when the agency acted. Or perhaps the request for counsel in August 1989, during the six-month period, marks the real "beginning" of the action. The district court rejected both options, and McNeil, with the assistance of counsel appointed by this court, renews the arguments here.

■ Two courts of appeals have held that when "the administrative claim is denied before any substantial progress has been made in the pending litigation, the suit need not be refiled to be effective.... To hold that refiling was necessary would involve duplicitous pleadings and wasted effort." *Kubrick v. United States*, 581 F.2d 1092, 1098 (3d Cir.1978), reversed on other grounds, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). Accord, *Celestine v. Veterans Administration*, 746 F.2d 1360, 1363 (8th Cir.1984). One circuit has gone the other way. *Gregory v. Mitchell*, 634 F.2d 199, 204 (5th Cir.1981); *Reynolds v. United States*, 748 F.2d 291 (5th Cir.1984); *United States v. Burzynski Cancer Research Institute*, 819 F.2d 1301, 1306-07 (5th Cir.1987). Make that two: we join the fifth circuit.

Neither the third nor the eighth circuit discussed the language of § 2675(a): "An action shall not be instituted upon a claim against the United States for money damages ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing" or six months have passed without decision. This statute does not authorize suits or postpone adjudication of suits; it forbids the institution of suits prior to the administrative decision. Judges of two circuits believe that Congress erred in writing a prohibition, but that does not explain why the statute Congress actually enacted may be disregarded.

Many statutes have a structure similar to § 2675(a), most prominently the environmental laws. *Hallstrom v. Tillamook County*, 493 U.S. 20, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), considers a typical provision, in the Resource Conservation and Recovery Act of 1976: "No action may be commenced ... prior to 60 days after the plaintiff has given notice of the violation" to various persons. 42 U.S.C. § 6972(b)(1). Some courts read this language just as the third and eighth circuits treat § 2675(a): The plaintiff may file the suit any time, but the litigation must remain inactive on the docket during the 60 days reserved for negotiation. The Supreme Court disagreed, holding that "[n]o action may be commenced" means that "[n]o action may be *commenced*", not that "[n]o action may be *prosecuted*". Section 2675(a) is no less insistent that "[a]n action shall not be *instituted*" before the administrative action (or six months of administrative inaction). *Hallstrom* observes that negotiation may be more effective if there is not already a lawsuit on file; that observation is no less true of the FTCA than of the RCRA. And § 2675(a), as a condition on access to the Treasury, is a prime candidate for literal interpretation, see *Kubrick*, 444 U.S. at 117-18, 100 S.Ct. at 356-57, more so than fetters on litigation against persons despoiling the environment. *Hallstrom* ordains the interpretation of § 2675(a).

■ March 1989 was too early. The suit did not linger, awaiting administrative ac-

tion. Unless McNeil began a fresh suit within six months after July 21, 1989, he loses. The only candidate is the collection of materials filed in August 1989: a letter protesting conditions in the prison and implicitly requesting counsel, an "Affidavit in Support of Motion for Appointment of Counsel" (although there was no motion), a statement of the balance in McNeil's prison trust account ($2,117.61), and a copy of the administrative decision plus a cover letter from the agency. McNeil's lawyer contends that the complaint of March was not begun until these documents "perfected" the filing. Yet Fed.R.Civ.P. 3 says that "[a] civil action is commenced by filing a complaint with the court." A complaint, not a request for a lawyer, begins the action. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). McNeil's contention that the set of documents "perfected" the action repackages his submission that the suit lingered, awaiting activation by the administrative action. This variation meets the fate of the theme.

Only if the letter was itself a complaint does the submission satisfy the statute. *Baldwin County Welcome Center* holds that the combination of a request for counsel plus an administrative decision (there, a letter from the EEOC giving the person the right to file suit under Title VII of the Civil Rights Act of 1964) does not satisfy Fed. R.Civ.P. 8 and hence is not a complaint. By contrast, a letter narrating the facts and making a claim for relief may be a complaint. *Pearson v. Gatto*, 933 F.2d 521, 526–27 (7th Cir.1991). Where does McNeil's letter fall on this spectrum? We need not decide, for McNeil did not characterize the letter as a complaint in the district court (where he represented himself) or here (where a professor of the Loyola School of Law is serving as his counsel). Whatever scope the doctrine may have in civil litigation, see *Deppe v. Tripp*, 863 F.2d 1356 (7th Cir.1988), it was not plain error in light of *Baldwin County Welcome Center* to treat this document as what it purported to be—a request to get on with a pending case, rather than a new complaint. *Baldwin County Welcome Center* holds that a person who receives a notice from an agency telling him exactly what to do (file a complaint) has no equitable claim to lenient treatment when he chooses to do something else. Just so here.

AFFIRMED.

RIPPLE, Circuit Judge, dissenting.

In my view, we need not resolve in this appeal the difficult issue of whether a Federal Tort Claims Act suit must be refiled when the administrative claim is denied before any substantial progress has been made in the pending litigation. That issue has divided the courts of appeals and certainly deserves resolution by the Supreme Court of the United States. The Court took note of the issue in 1979 but explicitly declined to resolve it. *See United States v. Kubrick*, 444 U.S. 111, 115 n. 4, 100 S.Ct. 352, 356 n. 4, 62 L.Ed.2d 259 (1979).

Here, it is clear that the plaintiff, a prisoner proceeding pro se, attempted to refile the action after the denial of the administrative claim. On August 7, 1989, he wrote to the district court. His letter sets forth the gravamen of his complaint against the Public Health Service, asks the court to accept "this letter as a proper request, whereas plaintiff can properly *commence* his legal action accordingly." (Emphasis supplied). Under the circuit's holding in *Pearson v. Gatto*, 933 F.2d 521, 526–27 (7th Cir.1991), this letter serves as an adequate complaint.[1]

### ORDER

Plaintiff–Appellant filed a petition for rehearing and suggestion of rehearing en banc on May 28, 1992. No judge in regular active service has requested a vote on the suggestion of rehearing en banc, and all of the judges on the panel have voted to deny rehearing. The petition for rehearing is therefore DENIED. Judge Flaum did not participate in the consideration or decision of this case.

---

**1.** I respectfully differ with my colleagues as to whether Mr. McNeil raised this issue adequately

in this court. *See* Appellant's Br. at 7. The government shares my view. *See* Supplemental Government Br. at 4. Nor, given the standards of pleading to which we hold incarcerated pro se litigants, do I believe that the characterization of the document as a complaint was "waived" in the district court. Mr. McNeil made one point clear to the district court in August 1989: despite the difficulties of filing papers with the court from Stateville Correctional Center, he was attempting to "commence his legal action."