**Elizabeth RODE and Thomas Rode, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 92–1177.**

United States District Court, M.D. Pennsylvania.

Nov. 25, 1992.

Janet J. Siracuse, Stroudsburg, PA, for plaintiffs.

Joseph J. Terz, U.S. Atty's. Office, Harrisburg, PA, Robert J. DeSousa, U.S. Atty's. Office, Lewisburg, PA, for defendant.

## MEMORANDUM

NEALON, District Judge.

The plaintiffs, Elizabeth and Thomas Rode, have filed a complaint against the United States (Government) alleging that plaintiff Elizabeth Rode was injured when a United States Air Force tractor trailer struck the car she was driving. She claims that her automobile was destroyed and that she has suffered severe physical and emotional consequences. The government seeks to dismiss the claim of her husband, Thomas Rode, on the ground that he had not filed a claim under the Federal Torts Claim Act as a prerequisite to establishing

jurisdiction in this court.[1] For reasons which follow, the court will grant the government's motion to dismiss and will deny its request for sanctions.

## I. Rule 12(b)(1).

It is well-settled that jurisdiction over the subject matter is an absolute prerequisite to maintaining an action in federal district court, *Trinanes v. Schulte*, 311 F.Supp. 812 (S.D.N.Y.1970), however, a complaint should not be dismissed unless it is completely devoid of any ground for jurisdiction. *Jorsch v. LeBeau*, 449 F.Supp. 485 (D.C.Ill.1978). Nevertheless, once a lack of subject matter jurisdiction is found, it cannot be ignored by the district court and dismissal must follow. *Joyce v. United States*, 474 F.2d 215 (3rd Cir.1973).

Here, it is undisputed that the Federal Torts Claim Act governs this matter. 28 U.S.C. § 2671 *et seq.* Section 2675(a) of the Act provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for ... personal injury caused by the negligent or wrongful act or omission of an employee of the government ... unless the Claimant shall have presented the claim to the appropriate federal agency and his claim shall have been denied by the government in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Plaintiff Thomas Rode did not present a claim to the United States Air Force. Instead, his wife, who did file a claim, listed her marital status as "married" and notified the Air Force that her husband was a co-owner of the damaged vehicle. The plaintiff contends that some district courts in districts outside the Third Circuit who have interpreted the notice of claim provision of the Act have found that notice similar to that of which the Rode's gave to the Air Force would be sufficient to sustain a claim in district court. *See e.g. Hanlon v. United States*, 134 F.R.D. 42 (E.D.N.Y.1991); *Kokaras v.*

*United States*, 750 F.Supp. 542 (D.C.N.H. 1990); *Hardiman v. United States*, 752 F.Supp. 52 (D.C.N.H.1989); *Borgren v. United States*, 723 F.Supp. 581 (D.Kan. 1989). Counsel argues that the above cases are a more modern approach to establishing jurisdiction in federal tort claim actions and urges this court to follow their rationale.

The government, however, has correctly noted that this court is bound by the precedent established through the Third Circuit Court of Appeals and, only absent its guidance, is this court free to adopt rationales of other circuits. The law in this circuit is clear that an administrative claim with the offending agency *must* be filed prior to the initiation of a suit in district court, *Bialowas v. United States*, 443 F.2d 1047, 1049 (3rd Cir.1971), and cannot be waived due to its jurisdictional nature. *Id.;* see also *Farr v. United States*, 580 F.Supp. 1194, 1195 (E.D.Pa.1984); *McQuilken v. A & R Development Corp.*, 576 F.Supp. 1023 (E.D.Pa. 1983). Furthermore, the Court of Appeals has determined that, because the Act contemplates the waiving of sovereign immunity, its requirements must be strictly construed without exceptions based upon equitable considerations. *See Peterson v. United States*, 694 F.2d 943, 945 n. 5 (3rd Cir.1982); *Bradley v. United States*, 856 F.2d 575–78 (3rd Cir.1988). Accordingly, in this circuit, it is abundantly clear that the fact that plaintiff Thomas Rode failed to file a claim with the Air Force undermines this court's jurisdiction over his present claim and, thus, it will be dismissed.

## II. Sanctions.

The government has moved for monetary sanctions under Rule 11 because counsel for plaintiff was advised that Mr. Rode's claim would be dismissed and that Mrs. Rode could not avail herself of a trial by jury as demanded in the complaint. Plaintiff's counsel, in her brief in opposition to the defendant's motion to dismiss, conceded the jury trial issue but persisted in her claim that this court should adopt

---

1. When challenging a claim in district court on the basis of a failure to follow the prerequisites of the Federal Torts Claim Act, the court must construe the government's motion as a motion to dismiss under Fed.R.Civ.P. 12(b)(1). *Moffitt v. United States,* 430 F.Supp. 34 (D.C.Tenn.1976).

the more liberal view of the New Hampshire district court. Sanctions are sought by the government in the amount of $100.00 for "having to waste its time as well as the time of the Court [for] having to adjudicate this Motion."

The Third Circuit Court of Appeals has noted that:

> Rule 11 gives the district courts authority to impose sanctions upon the signatory to any pleading, motion or other paper which is not "well grounded in fact" nor "warranted by existing caselaw or a *good faith argument for the extension, modification, or reversal of existing law,* [or which is] interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation."

*Landon v. Hunt,* 938 F.2d 450, 452 (3rd Cir.1991) (emphasis supplied). Here, plaintiff's counsel, citing recent district court opinions, albeit from districts outside this circuit, urged this court to follow a more liberal approach to construing the jurisdictional prerequisites to the Federal Tort Claims Act. It cannot be said that, in so doing, she exhibited the lack of good faith necessary to justify the imposition of sanctions. As such, Rule 11 sanctions are inappropriate.

■ The government also urges the imposition of sanctions through the use of this court's inherent powers. However, the United States Supreme Court in *Chambers v. Nasco,* — U.S. ——, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), recently cautioned that the imposition of sanctions for bad faith conduct on the part of counsel must "comply with the mandates of due process, both in determining that bad faith exists and in assessing fees." *Id.* at ——, 111 S.Ct. at 2136. Because the court has already found that the plaintiff's argument did not lack a good faith effort to modify or reverse existing case law, it could not logically make a finding of bad faith in the context of the imposition of sanctions in the context of its inherent powers. Thus, the court concludes that in the sound exercise of its discretion, it will deny the government's motion for sanctions.

## III.

In sum, the court concludes that Thomas Rode's claim should be dismissed due to his failure to file an administrative claim with the United States Air Force as required by 28 U.S.C. § 2675(a) and the government's request for sanctions against plaintiff's counsel will be denied.