Donald D. RICHARDSON and Eva Richardson, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. No. 4:93cv0003AS.

United States District Court, N.D. Indiana, Hammond Division, at Lafayette.

June 23, 1993.

Jerome L. Withered and Christopher D. Corrigan, Lafayette, IN, for plaintiffs.

Clifford D. Johnson, South Bend, IN, for defendant.

### *MEMORANDUM AND ORDER*

ALLEN SHARP, Chief Judge.

On September 3, 1991, Donald D. Richardson was injured when a postal employee de-

livering rural mail struck the back of his tractor (Plaintiffs' Exhibit A). On June 2, 1992, Donald D. Richardson filed a Notice of Tort Claim with the United States Postal Service, pursuant to the Federal Tort Claims Act ("FTCA"). On February 3, 1993, Richardson and his wife, Eva Richardson, filed a claim against the United States of America seeking damages for Mr. Richardson's injuries (Plaintiffs' Memorandum in Opposition to Defendant's Motion to Dismiss Loss of Services and Consortium Claim ["Plaintiffs' Memorandum"] at 1). The complaint also alleges that Mrs. Richardson suffered a loss of services and consortium (Complaint at § 9). The United States argues that because Mrs. Richardson's claim was neither alleged in her husband's Notice of Claim, nor filed separately, this court lacks subject matter jurisdiction (Defendant United States' Memorandum in Support of Its 12(b)(1) Motion to Dismiss Loss of Consortium Claim ["Defendant's Memorandum"] at 4). The plaintiff does not deny that she has technically failed to exhaust her administrative remedies, but argues that dismissing her claim would result in "needless filing of additional pleadings" (Plaintiffs' Memorandum at 4). On June 11, 1993, Mrs. Richardson filed an administrative claim alleging loss of services and consortium with the United States Postal Service (Plaintiffs' Memorandum at 3).

## Analysis

The plaintiff in this case does not dispute that she failed to file her claim for loss of services and consortium prior to the filing of this suit. More specifically, Mrs. Richardson's claim was neither filed as a separate administrative claim nor included in her husband's notice. The issue before this court is whether this failure to file her notice separately from her husband's personal injury claim is a mere technicality or whether this court must grant the defendant's motion to dismiss the claim.

The Federal Tort Claims Act provides exceptions to the United States' sovereign immunity. These narrowly-tailored exceptions require compliance with administrative procedures prior to filing suit in federal court:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (Supp.1993) (provided here in relevant part). In this case, Mr. Richardson's notice was denied and his suit filed subsequently; however, his wife's claim is not contained in that notice.

The plaintiffs argue that this failure to file a notice is a mere technicality. Initially, their position appears to be supported by the fact that her claim is neither time-barred nor otherwise rendered moot should the court grant the motion to dismiss. Mrs. Richardson filed her own notice for loss of services and consortium with the United States Postal Service on June 11, 1993 (Plaintiffs' Memorandum at 3). Mr. Richardson's accident occurred on September 3, 1991, so her filing was within the two-year requirement (Plaintiffs' Exhibit B). The plaintiffs contend that since substantial progress has not been made in this case, a dismissal is not warranted and would be "wasteful and needless formalism" (Plaintiffs' Memorandum at 3). In support of their argument, the plaintiffs cite *Campbell v. United States of America*, 534 F.Supp. 762 (D.Haw.1982). In *Campbell*, a husband filed his notice alleging a loss of love and affection after the suit against the United States had commenced. The court denied the United States' motion to dismiss the claim for lack of subject matter jurisdiction:

[A]lthough [plaintiff] might have been in technical violation of section 2675(a) by not filing an individual claim before commencement of this action, because he did ultimately comply with the claim requirement of the FTCA within the prescribed limitation period, it would have been a wasteful and needless formalism to require him to file a new complaint on his own behalf.

*Campbell*, 534 F.Supp. at 764. This argument tends to support the trend toward judi-

cial economy, particularly, as a footnote in *Campbell,* points out, "in all likelihood, a new suit would simply have been reconsolidated with the original suit under rule 42(a), Fed. R.Civ.P." (*Campbell,* 534 F.Supp. at 764 n. 1).

*Campbell* is distinguished from the case before this court, however, by an important procedural difference: at the time the United States filed its motion to dismiss in *Campbell,* two years had passed since the filing of the notice for loss of affection (*Campbell,* 534 F.Supp. at 764). The opinion does not state whether the claim had been denied, but in any event more than six months had passed since the filing. Under the FTCA, "[i]f the agency involved has not made a final disposition of the claim within six months after its submission, the claimant may at his or her option deem this to be a denial of the claim" (2 Lester S. Jayson, *Handling Federal Tort Claims: Administrative and Judicial Remedies* § 301.02[2] (1992)). This technicality renders the argument of needless formalism more persuasive, since the plaintiff had otherwise met the administrative requirements. Here the plaintiff filed her notice on June 11, 1993. Until the United States issues a denial or six months pass, her failure to exhaust administrative procedures is more than a "mere technicality." However, this court does not have to split hairs in this fashion, as recent case law analyzing § 2675(a), discussed below, has interpreted the statute literally.

The defendant argues that the filing of an administrative claim is no mere technicality (Defendant's Memorandum at 3, citing *Best Bearing Co. v. United States,* 463 F.2d 1177 (7th Cir.1972)). Hence, "for a court to exercise subject matter jurisdiction over a consortium claim under the FTCA, an administrative claim is a jurisdictional prerequisite" that cannot be waived (Defendant's Memorandum at 3). The defendant argues that state law governing consortium claims supports the requirement for a separate administrative claim:

A point of discussion in many of the "loss of consortium" cases is that, under the applicable state law, loss of services and consortium is an independent action, both separate and distinct from the personal injury claim. Therefore, a claimant must file her claim with the appropriate federal agency for consent, as with any other independent claim. If the jurisdictional analysis turns on this point, dismissal remains appropriate here. Under Indiana law, a spouse's loss of consortium claim, although derivative of the personal injury claim, is separate and independent from the primary action and can be maintained even if the primary suit is unsuccessful. *Dearing v. Perry,* 499 N.E.2d 268, 272 (Ind.App. 1986). The independent nature of consortium claim [sic] in Indiana only underscores the need for Eva Richardson to have filed an administrative claim under 28 U.S.C. § 2675(a).

Defendant's Memorandum at 3–4 n. 2. However, in this case, the parties do not dispute that the claim is so distinct and separate that it should have been filed separately. The issue here is whether this court should find the failure to file negligible.

The United States cites twelve cases from other jurisdictions holding that a district court lacked subject matter jurisdiction where spouses failed to file a separate claim (Defendant's Memorandum at 3). In all of these cases, the courts found that the requirements of § 2675(a) had not been met. In *Rode v. United States,* 812 F.Supp. 45 (M.D.Pa.1992), the district court dismissed the spouse's claim, finding that he had failed to meet administrative requirements. The court noted that the wife had listed her marital status as "married" and her husband as co-owner of the vehicle on her claim, but held that this information did not meet the notice and consent requirements under the FTCA (*Rode,* 812 F.Supp. at 47). The United States argues that this court should follow these cases and dismiss Mrs. Richardson's claim.

This court finds that it does not have any discretion as to this claim. The Seventh Circuit, in *McNeil v. United States,* 964 F.2d 647 (7th Cir.1992), found that § 2675(a) is to be read literally. In *McNeil,* an inmate filed his notice with the Department of Health and Human Services pursuant to the FTCA four months after filing suit in district court.

When the district court dismissed the case as prematurely filed, the notice had already been denied; thus, technically, the plaintiff had exhausted the administrative remedies. (*McNeil*, 964 F.2d at 648). Nevertheless, the district court held, and the Seventh Circuit affirmed, that § 2675(a) means exactly what it plainly says. Judge Easterbrook wrote for the Seventh Circuit: "This statute does not authorize suits or postpone adjudication of suits; it forbids the institution of suits prior to the administrative decision" (*McNeil*, 964 F.2d at 648). In finding that a suit must be refiled if a denial is issued after commencement of the action, Judge Easterbrook stated that *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984), "holds that a person who receives a notice from an agency telling him exactly what to do (file a complaint) has no equitable claim to lenient treatment when he chooses to do something else" (*McNeil*, 964 F.2d at 649).

The Supreme Court decided to resolve the conflict for all circuits when it granted certiorari in *McNeil*:

> Because decisions in other Circuits permit a prematurely filed FTCA action to proceed if no substantial progress has taken place in the litigation before the administrative remedies are exhausted, *see Kubrick v. United States*, 581 F.2d 1092, 1098 (CA3 1978), reversed on other grounds, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), and *Celestine v. Veterans Administration Hospital*, 746 F.2d 1360, 1363 (CA8 1984), we granted certiorari to resolve the conflict. 506 U.S. ——, 113 S.Ct. 1036, 122 L.Ed.2d 347 (1993).

*McNeil v. U.S.*, —— U.S. ——, ——, 113 S.Ct. 1980, 1983, 124 L.Ed.2d 21 (1993). The Court did not engage in any analysis of substantial progress, but rather agreed with the Seventh Circuit that § 2675 speaks for itself:

> The command that "an action shall not be instituted ... unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" is unambiguous. We are not free to rewrite the statutory text.

*McNeil*, —— U.S. at ——, 113 S.Ct. at 1983. In *McNeil*, the Court reached a harsh result, as the claimant's case was then time-barred. Justice Stevens, writing for the Court, reasoned that this was the only possible reading:

> The most natural reading of the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process. Every premature filing of an action under the FTCA imposes some burden on the judicial system and on the Department of Justice which must assume the defense of such actions. Although the burden may be slight in an individual case, the statute governs the processing of a vast multitude of claims. The interest in orderly administration of this body of litigation is best served by adherence to the straight-forward statutory command.

*McNeil*, —— U.S. at ——, 113 S.Ct. at 1983–84. The Supreme Court considered the *pro se* status of the claimant, but found that the clarity of the statutory language vitiated any argument of "trap for the unwary" (*McNeil*, —— U.S. at ——, 113 S.Ct. at 1984):

> While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, see *Houston v. Lack*, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (*pro se* prisoner's notice of appeal deemed filed at time of delivery to prison authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980).

*McNeil,* —— U.S. at ——, 113 S.Ct. at 1984. In the case before this court, the plaintiff is neither *pro se* nor is her claim time barred. The interpretation of § 2675 is unambiguous. The Seventh Circuit and the Supreme Court have categorically rejected any concept of analyzing a claim in terms of substantial progress when the administrative requirements of § 2675 have not been met. Mrs. Richardson has not alleged that the notice her husband filed constituted notice and consent for her claim of loss of services and consortium. Instead, she has asked this court to overlook her failure to comply with the unambiguous language of § 2675.

In April, 1993, the Northern District of Illinois reached the same conclusion in an action involving a loss of consortium claim as the Seventh Circuit did in *McNeil.* In *Plescia v. United States,* No. 92–4149, 1993 WL 135307 (4th Cir. April 22, 1993), an inmate filed an administrative claim alleging negligent medical treatment. After exhausting administrative procedures, the plaintiff filed suit and his wife, as co-plaintiff, alleged a loss of consortium (*Plescia,* slip op. at 3, 1993 WL 135307). Judge Grady held that Mrs. Plescia's failure to exhaust administrative remedies would bar her claim:

> The filing of an administrative claim is an absolute prerequisite to maintaining a FTCA action against the federal government. *Best Bearings Co. v. United States,* 463 F.2d 1177 (7th Cir.1972); see also *Manko v. United States,* 830 F.2d 831 (8th Cir.1987) (where a civil complaint for damages based upon loss of consortium is brought, the spouse claiming the loss of consortium must file an administrative claim in compliance with 28 U.S.C. § 2675(a)). Here, [the plaintiff] was not listed as a claimant when her husband filed his administrative claim. Nor did she ever file an administrative claim of her own. Accordingly, [the plaintiff] has failed to exhaust administrative remedies, and this court must dismiss [the claim] for lack of subject matter jurisdiction.

*Plescia,* slip op. at 4, 1993 WL 135307. As in the above case, this court, pursuant to Fed.R.Civ.P. 12(b)(1), lacks subject matter jurisdiction over Mrs. Richardson's claim.

The United States Supreme Court, in no uncertain terms, has affirmed the Seventh Circuit's literal approach to 28 U.S.C. § 2675(a) in *McNeil,* and this court has no discretion to find mere technicalities or formalism. The United States' motion to dismiss the loss of consortium claim is **GRANTED.** Further, since Mrs. Richardson has made no other claim in this case, she is dismissed as a party in this case. **IT IS SO ORDERED.**