**Kenneth LOPER, et al., Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**No. 3:94–CV–1036RM.**

United States District Court,
N.D. Indiana,
South Bend Division.

Aug. 22, 1995.

Charles A. Asher, South Bend, IN, for plaintiffs.

Clifford D. Johnson, Asst. U.S. Atty., Joseph J. Jensen, South Bend, IN, for defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause comes before the court on the motion of defendant United States of America, pursuant to Federal Rule of Civil Procedure 12(b)(1), to dismiss plaintiff Judith Loper's loss of consortium claim for failure to file the appropriate administrative claim as required by the Federal Tort Claims Act (FTCA). For the reasons that follow, the court finds that the defendant's motion to dismiss must be denied.

On July 2, 1990, vehicles driven by plaintiff Kenneth Loper and John Lyness collided. At the time of the collision, John Lyness was acting within the scope of his employment as a United States postal worker. Plaintiff Kenneth Loper filed a Notice of Tort Claim with the United States Postal Service, pursuant to the FTCA. The "Standard Form 95" completed by Mr. Loper included both Mr. Loper's name as "Claimant" and his wife Judith Loper's name, as well as both of their signatures. The form, however, described only the physical and psychological injuries to Mr. Loper and listed only one total for the "Amount of Claim."

Mr. and Mrs. Loper filed their complaint against the United States under 28 U.S.C. § 1346(b). While Mr. Loper alleged property damage and serious bodily injury, Mrs. Loper alleged to have "lost an important share of her husband's consortium, society, and companionship." The government's dismissal motion contends that the court lacks subject matter jurisdiction over Mrs. Loper's claim because Mrs. Loper has failed to comply with the FTCA's requirements, contained in 28 U.S.C. § 2675, to file the appropriate administrative claim.

■ The FTCA provides in pertinent part:

An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). The filing of the appropriate administrative claim is an absolute jurisdictional prerequisite to maintaining a FTCA action against the federal government. *McNeil v. United States*, 508 U.S. 106, ——, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir.1972). District courts lack subject matter jurisdiction over suits filed under the FTCA if the plaintiffs have failed to comply with the FTCA's requirements. *McNeil v. United States*, 508 U.S. at —— – ——, 113 S.Ct. at 1983–84; *Best Bearings Co. v. United States*, 463 F.2d at 1179.

■ Further specification as to the filing of a proper administrative claim is set forth in 28 C.F.R. § 14.2(a), which provides in pertinent part:

For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident.

28 C.F.R. § 14.2(a) (1994). The Seventh Circuit has construed § 2675(a) and § 14.2(a) as requiring that a claimant provide in his administrative claim "sufficient notice to enable the agency to investigate the claim and the

setting of a 'sum certain.'" *Charlton v. United States,* 743 F.2d 557, 559–60 (7th Cir.1984). This interpretation of the FTCA is consistent with the stated purposes of Congress in enacting § 2675(a)—to "ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." S.Rep. No. 1327, 89th Cong., 2d Sess. 2 (1966), *reprinted in* 1966 U.S.C.C.A.N. 2515, 2516.

■ Under Indiana law, a spouse's claim for loss of consortium, while derivative of the injured spouse's claim, is independent and separate from the primary action and can be maintained even if the primary action fails. *Dearing v. Perry,* 499 N.E.2d 268, 272 (Ind. Ct.App.1986).

Mrs. Loper cites two cases that held that a spouse who specifically identifies herself as a "claimant" on the administrative claim, without articulating the injury of loss of consortium, has sufficiently exhausted the administrative requirements of the FTCA. *Hardiman v. United States,* 752 F.Supp. 52, 53–54 (D.N.H.1989); *Casey v. United States,* 635 F.Supp. 221, 225–226 (D.Mass.1986). In opposition, the government cites cases from various jurisdictions in support of its position that Mrs. Loper has not complied with the administrative requirements of FTCA. Unlike most of those cases, however, Mrs. Loper's name and signature appeared as a claimant on the Standard Form 95.[1]

The government argues that the inclusion of Mrs. Loper's name and signature on the Standard Form 95 does not disclose the injury claimed by Mrs. Loper. Question No. 10 on the Form directs the claimant to "STATE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE NAME OF INJURED PERSON OR DECEDENT." The Ropers' response described only the direct injuries to Mr. Loper: "Mr. Loper suffered serious personal injuries including head trauma, recurrent neck and shoulder pain, dizziness, constant loud ringing in ears, sleep disturbances, problems concentrating, memory problems, and related problems."

The court cannot agree that these facts preclude jurisdiction. As an initial matter, although neither party raised the issue, the source of a claimant's legal obligation to state the nature and extent of the injuries for which damages are sought is not immediately apparent; neither the FTCA nor 28 C.F.R. 14.2 expressly require such information to be part of the requisite claim. More importantly, the court believes that the Lopers' response to Question No. 10 satisfies the requirement, if there is such. If, instead of signing jointly with her husband, Mrs. Loper had filed a separate Form 95 with precisely the same language in response to Question No. 10, the government could not seriously argue that it understood Mrs. Loper's claim to be for anything other than loss of consortium. The Ropers' response to Question No. 10 was "sufficient notice to enable the agency to investigate the claim...." *Charlton v. United States,* 743 F.2d 557, 559–60 (7th Cir.1984). If the inclusion of Mrs. Loper's name and signature otherwise satisfied the FTCA and the regulation, the description of her claim cannot be inadequate.

■ The purpose of the administrative requirements of the FTCA is to provide the government with sufficient information relating to the nature and circumstances surrounding the injury and the amount of the potential claim to effectuate efficiency and fair settlements. To affect this purpose, the

---

1. The cases cited by the government in which the spouse's name seeking loss of consortium did not appear as a "claimant" on the administrative claim include: *Johnson v. United States,* 704 F.2d 1431 (9th Cir.1983); *Allen v. United States,* 517 F.2d 1328 (6th Cir.1975); *Richardson v. United States,* 831 F.Supp. 657 (N.D.In.1993); *Davis v. United States,* 834 F.Supp. 517 (D.Mass.1993); *Rode v. United States,* 812 F.Supp. 45 (M.D.Pa. 1992); *Seyler v. United States,* 643 F.Supp. 1027 (D.Idaho 1986) *rev'd on other grounds,* 832 F.2d 120 (9th Cir.1987); *Susanin v. United States,* 570 F.Supp. 25 (W.D.Pa.1983); *Swizdor v. United States,* 581 F.Supp. 10 (S.D.Iowa 1983); *Fol v. United States,* 548 F.Supp. 1257 (S.D.N.Y.1982); *Santoni v. United States,* 450 F.Supp. 608 (D.Md. 1978); *Walker v. United States,* 471 F.Supp. 38 (M.D.Fla.1978); *Mudlo v. United States,* 423 F.Supp. 1373 (W.D.Pa.1976); *Collazo v. United States,* 372 F.Supp. 61 (D.P.R.1973).

Justice Department specifically required in 28 C.F.R. 14.2(a) that a "sum certain" for each individual claim be stated in the administrative claim. A claimant's failure to individually state her "sum certain" deprives the court of subject matter jurisdiction over the claim. *See Willie v. United States,* No. 92–CV–1143, 1993 WL 184149, *2, 1993 U.S.Dist. LEXIS 7024, *5 (N.D.N.Y. May 26, 1993); *Dondero v. United States,* 775 F.Supp. 144, 149–50 (D.Del.1991); *Rispoli v. United States,* 576 F.Supp. 1398, 1403 (E.D.N.Y. 1983).

The Ropers' claim satisfies that purpose. The claim informed the government of the claimants' identities: Kenneth and Judith Loper. The claim informed the government of the nature of the injuries—some inferential reasoning was necessary with respect to Mrs. Loper, but no more so than had she filed a separate claim with the same language. The claim informed the government of the "sum certain" they sought—a figure that cannot be exceeded with or without the consortium claim. Accordingly, the court concurs with the reasoning of *Hardiman v. United States,* 752 F.Supp. 52, and *Casey v. United States,* 635 F.Supp. 221, and concludes that under circumstances such as those presented by this case, a single Standard Form 95 identifying both spouses as claimants and bearing the signatures of both spouses complies with the jurisdictional requirements of 28 U.S.C. § 2675(a).

The government next argues that *McNeil v. United States,* 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993), compels dismissal. *McNeil* held that the FTCA's requirement of exhaustion of the administrative claims process must be read literally; *McNeil* did not hold that the regulations governing the claims process itself must be read literally. The plaintiff in *McNeil* filed no claim before filing suit. Mrs. Loper filed her administrative claim in writing. She did not employ a separate Form 95 to do so, but *McNeil* offers no guidance in deciding whether she was required to do so.

This decision is not inconsistent with this court's earlier holding in *Richardson v. United States,* 831 F.Supp. 657, 661 (N.D.Ind. 1993), which addressed a different issue. In *Richardson,* "the parties [did] not dispute that the [spouse's loss of] consortium claim is so distinct and separate that it should have been filed separately."

For the foregoing reasons, the court DENIES the defendant's motion to dismiss Judith Loper's claim (filed July 7, 1995 (# 11)).

SO ORDERED.